(Surrogate's Court, Cattaraugus County.  January, 1905.)

1. WILL—SAVINGS DEPOSIT—INSOLVENCY OF BANK.

Testator made a will devising all his money on deposit in a specified bank, which had gone into liquidation. The temporary receiver credited him on the receivership books with a specified sum—the amount of a dividend declared—and issued to him a passbook showing such credit with the receiver. *Held*, that the balance passed to the legatee, though testator died without altering his will, and in the codicil made no reference to such deposit.

2. SAME—CONSTRUCTION—CONCLUSIVENESS OF DECREE.

Testator, prior to the execution of his will, agreed with his wife to live apart on the payment of an annuity of $300 a year for 12 years from the date of the contract, and $150 a year thereafter until her death or remarriage. On probate proceedings the widow filed a request in writing for a construction of the will. *Held*, that a determination of the surrogate that testator intended by a clause in the will to satisfy and make valid such contract, and to give the widow $150 annuity, is conclusive of the rights of the parties on intermediate accounting, though the reference in the will is to a $100 annuity, which should have been $150, in accordance with the contract.

In the matter of the estate of Chester Howard.  Proceedings on judicial settlement of executor's accounts.  Decree rendered.

W. S. Thrasher, for executor and residuary legatees.

N. M. Allen, for Florence J. Howard, widow.

James E. Bixby, for Edith Badgero, legatee.

DAVIE, S.  The will of testator, bearing date May 11, 1902, with codicil thereto dated April 1, 1903, was admitted to probate July 27, 1903, and letters testamentary issued thereon to Myron E. Howard, who now files an account of the proceedings as executor, up to the present time, for judicial settlement.  A construction of the provisions of the will relating to the widow and to the legatee, Mrs. Badgero, becomes necessary in order to make proper disposition of the assets of the estate.

The third item of the will is as follows:

"Third. To Edith Badgero I give and bequeath all my household furniture, provisions in the house, horses, harnesses and carriages, wood and all hay and grain in my barn or which I may have or own elsewhere; I also give to the said Edith all my deposit of money in the Erie County Savings Bank

at Buffalo or the Empire State Savings Bank and in both said banks whether in open account, passbook or certificate, and it is my request that all said bequests of personalty shall be taken from my executor and receipted for by her without inventory."

On January 1, 1902, the testator had on deposit in the Empire Savings Bank of Buffalo $1,352.22. This deposit continued intact at the date of the will. On July 1, 1902, accumulated interest, $23.66, was added to the deposit. In 1902 this bank went into liquidation, and on July 21, 1902, the Fidelity Trust Company of Buffalo was appointed its temporary receiver, took possession of its assets, closed up its affairs, and on the 4th day of August thereafter declared a dividend to its depositors. On account of such dividend the Fidelity Trust Company credited to the testator upon the books of its own bank the sum of $1,100, and issued to the testator its own passbook, showing such credit. Subsequently testator gave two checks upon this fund—one for $150 to Lynn Badgero, and one for $600 to the Bank of Cattaraugus—leaving of such deposit with the Fidelity Trust Company at the death of the testator $350 principal, and accumulated interest, $23.43. On April 1, 1903, testator executed a codicil to his will, but made no reference therein to this deposit with the Fidelity Trust Company. Mrs. Badgero now claims this balance as a part of the original deposit bequeathed to her by the provision of the will above quoted. The residuary legatees, on the contrary, contend that, in consequence of the facts above set forth, this legacy was adeemed, and that such balance constitutes a part of the residuary estate.

The phraseology above quoted constitutes a specific legacy, rather than a general or demonstrative bequest. The distinction between a demonstrative and a specific legacy of money is lucid in theory, but often confusing in application. The former is defined as a bequest of a certain sum payable from a particular fund. If such fund, however, is insufficient, the deficiency is made good from the general funds of the estate. Crawford v. McCarthy, 159 N. Y. 514, 54 N. E. 277. An excellent illustration is found in the civil law. Testator gave to Phamphila 400 aurie; referring to a debt due him from Julius, his agent, his property in the army, and his cash on hand as the sources from which such bequest was to be paid. ("Aureos quadringentos Phamphila dari volo, ita ut infra scriptum est: ab Julio auctore aureos, tot; et in castris quos habeo, tot; et in numerato quos habeo, tot.") The testator died without altering his will, but having converted all his property to other uses, and the question was whether the legacy was adeemed. The solution rendered by Julian, the civilian, was that the testator intended only to point out to his heirs the fund from which the legacy could most easily be drawn, without intending to annex a condition to a pure gift, and that the legacy was consequently not adeemed. Dig. 30, 1, 96 Legatis. The peculiar characteristic of a specific legacy, however, is that if its subject-matter be destroyed, consumed, sold, exchanged, or in any manner disposed of, so that nothing remains in the estate to which the particular dispositive words are applicable at the death of the testator, then such legacy is adeemed. Aber-

nethy v. Catlin, 2 Dem. Sur. 341. While legacies of this class usual-
ly relate to other species of property, money may be the subject.
A bequest "of a sum of money in a bag, or in a chest, or on deposit
in a bank or in a trunk, or in a safe deposit vault" at the time of the
execution of the will is a specific bequest, and subject to be adeemed
by the subsequent act of the testator. Underhill, Wills, 557; Law-
son v. Stitch, 1 Atk. 507; Smith v. McKitterick, 51 Iowa, 548, 2 N.
W. 390; Barber v. Davidson, 73 Ill. App. 441; Towle v. Swasey, 106
Mass. 100; Beck v. McGillis, 9 Barb. 35. The courts, proceeding
upon the presumption that the testator intends a real benefit to the
legatee, are inclined to consider legacies general, rather than spe-
cific, where the language of the will admits of such construction.
Giddings v. Seward, 16 N. Y. 365.

In formulating this bequest, the testator had in mind a certain
fund or specific sum then on deposit with the Empire State Savings
Bank. This fund, or such part thereof as remained at the death of
the testator, he designed to give to Mrs. Badgero. The identity
of the fund is the important consideration. The particular place
where it might be is of no consequence, except to establish its
identity. Such fund was on deposit with the Empire Savings Bank
at the time of the execution of the will. Shortly thereafter it was
transferred, by operation of law, and not by the voluntary act of
the testator, to the Fidelity Trust Company. A portion of the
fund was drawn out by the testator before his death, and to that ex-
tent the bequest was adeemed; but the balance remaining, which
concededly is a part of the original deposit, comes under the opera-
tion of the bequest to Mrs. Badgero. Havens v. Havens, 1 Sandf.
Ch. 324; Walton v. Walton, 7 Johns. Ch. 258, 11 Am. Dec. 456;
Doughty v. Stillwell, 1 Bradf. Sur. 300. It should accordingly
be held that Mrs. Badgero is entitled to the sum remaining on de-
posit with the Fidelity Trust Company.

On the 2d day of October, 1895, the testator entered into a con-
tract with his wife, reciting the fact that disagreements had arisen
between them, and agreeing thereafter to live apart from each other
during the balance of their natural lives. The testator by the
terms of such contract agreed to pay to the wife an annuity of $300
during the term of 12 years from the date of the contract, and the
sum of $150 a year after the expiration of such period until the death
or remarriage of the wife, and also conveyed to her the life use
of certain real estate situate in the village of Dayton. The will of
the testator contains the following provision:

"Eighth. To Florence J. Howard I give and bequeath, as provided in a
certain contract made with her and I direct my executors to pay to her in
accordance with the provisions of said contract an annuity therein provided,
being the sum of three hundred dollars per year in half yearly payments for
the period named in said contract; and I give to her and direct my executors
to pay one hundred dollars per year thereafter as long as she shall live and
remain single, such annuity to cease at her death or remarriage; but such
annuity is hers conditioned that she release absolutely to my executors, gran-
tees, or devisees any and all claim for dower in my lands or lands I may
have owned, or any interest whatever other than said annuity in any prop-

erty which I may own at my decease, and that she accept such annuity in lieu of all claims for dower or other claim against my estate."

It is now claimed on the part of the widow that the testator designed to ratify the provisions of the contract above referred to—that is, the annuity for $300 for 12 years, and $150 thereafter—and also to bequeath to her the further sum of $100 a year after the expiration of the 12 years. On the contrary, it is contended on the part of the residuary legatees that the testator intended to ratify the provisions of the will so far as they related to the $300 annuity, but to cut down the $150 annuity to $100. On the probate of the will the widow filed a request in writing for a construction of this bequest, under the provisions of section 2624 of the Code of Civil Procedure. This request put in issue the construction of this provision of the will so far as it related to personal estate, and to that extent the statute conferred upon the Surrogate's Court jurisdiction to determine such question upon probate. Matter of Vowers, 113 N. Y. 569, 21 N. E. 690. The following determination was then made in relation thereto, and incorporated in the decree on probate:

"Said Florence J. Howard having asked for a construction of said will so far as the same related to the bequest to her made and provided for in the eighth paragraph of said will, and it having thereupon been made to appear that prior to the execution of said will the said testator and the said Florence J. Howard had entered into a contract in writing, which said contract provided that the testator should pay to her, the said Florence J. Howard, the sum of three hundred dollars per annum for a certain time therein specified, and the sum of one hundred and fifty dollars per annum thereafter during the term of the natural life of the said Florence J. Howard, upon the conditions therein expressed, and it having been made to further appear that it was the design and intention of the testator by and through the provisions of the said eighth clause of said will to ratify and in all things make valid said contract, and that the reference to said contract in relation to the one hundred dollars annuity therein specified should have been one hundred and fifty dollars, in accordance with said contract. And it is further ordered, adjudged, and decreed that it was the design and intention of the testator, by the terms and provisions of the eighth paragraph of the said will, to ratify and reaffirm the contract existing between him and the said Florence J. Howard, and that said Florence J. Howard is entitled to an annuity of one hundred and fifty dollars per year in place and stead of one hundred dollars, as set forth in the eighth clause of said will."

Such determination, not having been appealed from or revoked by the surrogate, is conclusive. Code Civ. Proc. § 2626. This determination upon probate is conclusive of the rights of the parties upon this accounting. By it the widow's rights are limited to an annuity of $300 during the period of 12 years from the date of such contract, and $150 a year after the expiration of that time to the date of her death or remarriage.

Decreed accordingly.