2. EXECUTORS AND ADMINISTRATORS—SALE TO PAY DEBTS—PROPERTY SUBJECT.
   Testator bequeathed all corporate stock of which he might be possessed to a trust company, in trust to pay the income to his wife for life, and at her death to his daughter for life. The corpus of the trust fund on the termination of the trust was disposed of absolutely by a later clause in the will. Testator's real property, over which the executors were given a general power of sale, was sufficient to pay his debts. Held, that the stock, in the absence of express direction, was not exonerated from payment of debts.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 1052.]

3. SAME.
   Where the evidence shows a great depreciation in the value of corporate stock owned by the estate, an order for its sale to pay debts should provide that the executors should not be required to sell until a more favorable opportunity.

In the matter of the judicial settlement of the estate of Lefferts L. Bergen. Decree rendered.

Edwin L. Snedeker, for petitioner.
Jehiel T. Hurd, for Sara E. Bergen.
Dykman & Kuhn, for Brooklyn Trust Company.

CHURCH, S. The deceased, in the third paragraph of his will, provided as follows:

"I give and bequeath to the Brooklyn Trust Company of the borough of Brooklyn all shares of stock in corporations, of which I may die possessed. In trust to receive the income therefrom and to pay the same to my wife Sara E. Bergen during her life, and upon her death to pay the said income to my daughter Edith L. Bergen during her life."

Other provisions follow as to the disposition of the corpus of the trust fund upon the termination of the trust. By a later clause in the will the remainder of the testator's estate, real and personal, was disposed of absolutely. The deceased left unpaid debts amounting to $36,750. The executors have in their hands the sum of $16,000 in cash, realized from the sale of certain subscription rights, and stocks, the inventory value of which is $47,000. The real property left is amply sufficient to pay the debts of the deceased. The executors of the will, who are now accounting, present the above state of facts to the court; and the trustee, the Brooklyn Trust Company, contends that under the provisions of the will the stocks which form

the corpus of the trust fund are exonerated from the payment of the decedent's debts, and hence that the executors should sell the real estate to discharge them. The executors, on the other hand, urge that no such exoneration has been shown in the will, and that, therefore, it is their duty to sell the stocks to pay the debts before turning the balance over to the trustee.

So clearly has the general rule with relation to the payment of debts been stated by the late Judge Folger, in Taylor v. Dodd, 58 N. Y. 343, that it will be well to repeat his words:

"The personal estate of a testator is to furnish the fund for the payment of legacies. This is the general rule. But the personal estate may be entirely exonerated, or the real estate may be made to aid the personal, if there be express direction to that effect in the will, or if such be the clear intent of the testator to be gathered from its provisions."

An examination of all the provisions of the will under review will show no express direction to exonerate the stocks left by the deceased from the payment of his debts. This leaves for determination the question as to whether its provisions as a whole, notwithstanding the absence of any such express direction, indicate a clear intent on the part of the testator to effect the exoneration claimed. It is important in this connection to consider whether the bequest made in the third paragraph of the will is in the nature of a general or specific legacy. Counsel for the trust company contends that the bequest is specific, but the authority quoted by him does not sustain the contention. If a testator, in bequeathing stocks in his will, describes certain specific shares, or uses particular descriptive language in reference to them, the bequest will be treated as specific. If, on the other hand, there is merely a bequest of stock, without any attempt at definite description, the legacy is to be treated as general. Holt v. Jex, 48 Hun, 528, 1 N. Y. Supp. 195; Brundage v. Brundage, 60 N. Y. 544; Tifft v. Porter, 8 id. 516; Davis v. Cain, 1 Ired. Eq. (N. C.) 309.

It is the policy of the courts to declare bequests general, rather than specific, as in the event of the sale of the specific article, in existence at the making of the will, the gift will abate. In the case at bar the facts are not even debatable, as the testator not only does not refer to the stock owned by him at the time of the making of the will, but expressly declares the bequest to be of the stocks of which he might be possessed at the time of his death. There is nothing whatever in the will from which there can be gathered the slightest intention on the part of the testator to exonerate this particular portion of his property from the payment of his debts, except that there is given to his executors a power of sale over his real estate. But this does not necessarily indicate any intention to exonerate the personalty. Undoubtedly, it was simply a desirable precaution, usually adopted by any careful drafter of a testamentary document, to enable the executors to properly protect the estate. The testator might have died without possessing any stocks or other personal property, but owning a large amount of real estate. In such an event, it would be very desirable that the executors should have power of sale over it, rather than be forced to take the cumbersome process for the sale of land

to pay a decedent's debts, as outlined in the Code of Civil Procedure. Clift v. Moses, 116 N. Y. 155, 22 N. E. 393.

In confirmation of this it is to be noted that the power of sale is merely a general one, and therefore would only be used to pay debts. Where a provision of a will is thus capable of two constructions, that which is the more natural should be adopted, rather than one which is supposed to indicate an intent to change the regularly established methods of the management of a testator's estate. A similar conclusion has been reached in Matter of Rochester, 110 N. Y. 165, 17 N. E. 740, and in Sweeney v. Warren, 127 N. Y. 431, 28 N. E. 413, 24 Am. St. Rep. 468. The only effect that could be given to this language conferring a power of sale was that given in Taylor v. Dodd, supra, where it was held that such language indicated an intention to exonerate the specific legacies from the payment of the debts; but in that case the general legacies had to contribute to the fund realized from the sale of the realty.

I am unable, therefore, to find any intention on the part of the testator to exonerate the stocks of which he might die possessed from the payment of his debts. I appreciate, however, that at the present time there is a great depression in the value of securities, and, although these stocks are liable for the payment of the claims of creditors, it would be proper for a provision to be made that the executors be not required to sell them until some more favorable opportunity. Let decree be presented accordingly.

Decreed accordingly.