## In re DELANEY'S WILL.

(Supreme Court, Appellate Division, Second Department.   June 11, 1909.)

1. WILLS (§ 570*) — CONSTRUCTION — "PERSONAL PROPERTY OF WHATSOEVER KIND."

   Testatrix, when she executed her will, owned three houses and lots, certain personal property, and two saving deposits.   She devised one of these houses to each of her three nieces, and by the second clause of her will bequeathed to her niece Q. all of her household furniture and "personal property of whatsoever kind" in her W. street house.   The will disposed of all testatrix's property, and contained no residuary clause. Thereafter she sold one of the houses, and deposited the proceeds with other money to the credit of her savings bank deposits.   The pass books for these deposits, together with certain other money and jewelry, were in testatrix's possession at her W. street residence when she died.   *Held*, that the proceeds of the property sold did not pass to the devisee of testatrix's residence under the description "personal property of whatsoever kind," but that as to this testatrix died intestate.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1243; Dec. Dig. § 570.*]

2. WILLS (§ 753*)—CONSTRUCTION—SPECIFIC LEGACIES.

   A bequest of all the household furniture and personal property of whatsoever kind in testatrix's residence was a specific legacy, as to which the will should be regarded as speaking as of the date of its execution, and not as of the date of testatrix's death.

   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1939–1944; Dec. Dig. § 753.*]

Appeal from Surrogate's Court, Kings County.

Judicial settlement of decree construing will of Julia Downey Delaney. From decree Catherine Downey and others appeal.   Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Henry Herdling, for appellant Catherine Downey.

Clark A. Wick (Gilbert W. Minor, of counsel), for appellants Julia Downey, Daniel J. Downey, Nicholas Downey, and others.

Henry E. Heistad, for respondents.

RICH, J.   The contention of the parties in this case arises over the construction of the second clause of the will of Julia Downey Delaney, deceased, which was executed on June 23, 1902.   At that time the testatrix was the owner in fee of three houses and lots in Brooklyn, household furniture, personal belongings, a deposit of about $1,000 in the Dime Savings Bank of Brooklyn, and a small balance in the South Brooklyn Savings Institution.   The bank pass books and the personal property were in her residence, No. 219 Warren street, at which place she resided and conducted a boarding house.   By her will she devised the house and lot known as No. 91 Warren street to the appellant Julia Downey a niece, the house and lot known as No. 139 Degraw street to the appellant Catherine Downey, a niece, and the property which she occupied, 219 Warren street, to the respondent Julia Quinn, a niece.   The second clause of the will is as follows:

"Second: I give and bequeath unto my niece, Mrs. Julia Quinn, all the household furniture and personal property of whatsoever kind in my dwelling

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

house known as No. 219 Warren Street, in said City of Brooklyn, to her own use forever."

The will disposed of all the property owned by the testatrix at the time of its execution, and contained no residuary clause. In October or November, 1904, about a year and a half after the will was executed, the testatrix sold the Degraw street property which she had devised to Catherine Downey, and deposited the proceeds, as well as other money, to the credit of her account in the banks mentioned, and the pass books were in her possession at her residence, No. 219 Warren street, at the time of her death, together with $271 in money and some jewelry. The appellants' contention is that the money evidenced by the bank pass books, the cash on hand, and the jewelry did not pass to the respondent under the second subdivision of the will; that as to such property the testatrix died intestate; and that the will should be so construed as to give the proceeds of the sale of the Degraw street house, said money and jewelry, to the decedent's next of kin. This contention the learned surrogate overruled, and held that said property was included in the second clause of the will, and passed to the respondent under its provisions. From the decree accordingly entered this appeal is taken.

Counsel for the appellants cite Ludwig v. Bungart, 33 Misc. Rep. 177, 67 N. Y. Supp. 177, and argue that the words "personal property" in said second clause do not include the money in the banks, the money in the house, or the jewelry, but the learned surrogate distinguishes that case from the one at bar by saying that in the former case the will contained a residuary disposition, which is lacking in the case at bar, and bases his decision largely on Matter of Reynolds, 124 N. Y. 388, 26 N. E. 954, in which the question presented was whether bank pass books, securities of different kinds, and money found in a vault connected with the testator's office passed under a devise of the building, "including all the furniture and personal property in and upon the same, or in any manner connected therewith," the will containing a residuary clause. After considering a large number of authorities, Judge Parker, writing for the court, says:

"Applying, then, the rule of construction deducible from the authorities, it may be conceded that if there were no residuary clause in the will so that as to the money and securities of the amount and value of $12,000 Abelard Reynolds would have died intestate, unless it should be held to have passed by the bequest, the words 'and personal property in and upon the same or in any manner connected therewith' would be given the most comprehensive meaning of which they are susceptible for the purpose of preventing intestacy as to a portion of the estate. But there is a residuary clause * * * which requires the general words in the bequest to Mortimer F. Reynolds to be limited to things ejusdem generis."

I do not consider that this case, or any of the cases cited by the learned counsel for the respondents, establishes a rule under which we are precluded from determining the question presented in the case at bar by other legal principles. It is a primary rule of construction that the intention of the testator must control, if it can be gathered from the will, and the circumstances existing and surrounding its execution. The personal relations of the testatrix with her three nieces are shown to have been equally intimate, kindly, and affectionate prior to and

at the time the will was executed, and they are not shown to have in any manner changed thereafter. Julia Downey was the daughter of a deceased brother, and made her home with the testatrix from the time she was 13 years of age until within about a month before the death of her aunt. Catherine Downey is a sister of Julia. She came to America about 11 years before decedent's death, and at different times lived with her aunt, took care of her house and boarders, collected rents, and attended to her business generally while she was abroad in 1902 in company with Julia. Julia Quinn is the daughter of another deceased brother, and lived with her aunt for eight or nine months prior to the death of the latter. At the time the will was executed Julia Quinn and Catherine Downey lived in their aunt's house, 139 Degraw street, and Julia Downey lived with her aunt in the house of the latter, 219 Warren street. I think it is clearly established that it was the intention of the testatrix to divide her real property between her three nieces, giving to each a house and lot, and the small residuum of her money left after deducting the expenses of her trip abroad, with her other personal property, to Julia Quinn, and that there was no intention to disinherit either or leave either unprovided for. Her entire estate at the time the will was executed was disposed of. There was no necessity for a residuary clause, and its absence under the circumstances does not indicate an intention of the testatrix that the avails of sale of one of the houses devised to a niece, although shown by a bank pass book which happened to be left in the house devised to Julia Quinn should pass to her to the exclusion of the niece to whom the property had been devised. Ludwig v. Bungart, supra. The testatrix cannot be held to have intended when she executed her will to sell the real property devised to either Julia or Catherine Downey, and give the proceeds thereof to Julia Quinn, to the entire exclusion of these devisees, leaving both or either entirely unprovided for. That such could not have been her intention is plainly apparent, and the words "and personal property of whatsoever kind" in the second subdivision should not be so construed as to produce such a result.

There is another equally applicable and controlling principle governing the construction of this will. The bequest contained in the second clause is a specific, and not a general, one. It does not purport to dispose of all the personal property the decedent might own at the time of her death, but only such portion thereof as was then in one of her several houses, and a bequest is made specific by the designation of a special location of the property, as well as by the use of other language. 18 Am. & Eng. Enc. of Law, p. 716, and cited cases; Getman v. McMahon, 30 Hun, 531. As to specific legacies, the rule is well established that a will speaks as of the time of its execution.

As to the proceeds of the sale of the Degraw street house, I am of the opinion that the decedent died intestate, and that such proceeds upon her death passed by descent to her next of kin.

The decree of the Surrogate's Court in so far as appealed from must therefore be reversed, and proceedings remitted to the Surro-

gate's Court for disposition accordingly, and the order revoking administration, and appointing administratrix with the will annexed, is affirmed, with costs to the appellants payable out of the fund. All concur.