## BURT et al. v. HARRIS et al.

(Supreme Court, Special Term, Kings County. January 3, 1913.)

1. WILLS �köm572—PROPERTY BEQUEATHED.

Where a testatrix bequeathed the contents of her safety deposit box, with the exception of her savings bank books which were therein, bonds and mortgages, kept in the deposit box and not otherwise disposed of, pass, though the testatrix, after making the will, withdrew them and gave them directly to the legatee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1245; Dec. Dig. �köm572.]

2. WILLS ⊦köm481—LEGACIES—SPECIFIC LEGACY.

A specific legacy speaks as of the time of the will's execution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1005–1007; Dec. Dig. ⊦köm481.]

3. GIFTS ⊦köm49—GIFTS INTER VIVOS—EVIDENCE—SUFFICIENCY.

Evidence *held* to show a valid gift inter vivos of bonds and mortgages belonging to the testatrix.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. ⊦köm49.]

---

⊦kömFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. Gifts ⬥══36—Validity—Natural Objects of Bounty.

Where a testatrix made a religious society her residuary legatee, and the society attacked a gift to the testatrix's nearest relative, the fact of the relationship should be considered in determining the validity of the gift.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 72; Dec. Dig. ⬥══36.]

5. Gifts ⬥══49—Gifts Inter Vivos—Evidence.

A gift inter vivos may be supported on the testimony of a single witness, where it is clear, convincing, and satisfactory.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. ⬥══49.]

Proceeding by Warren S. Burt and another, as executors of the last will of Mary Gallagher, deceased, against Mary Ann Harris and another, for construction of the will. Will construed.

Albert I. Sire, of New York City, for plaintiffs.

G. J. & S. N. Carr, of New York City, for defendant Harris.

Richard Kelly, of New York City, for defendant M. E. Church Home of City of New York.

KAPPER, J. [1, 2] If the construction of the will were the only question before me, I should be inclined to hold that the two bonds and mortgages in suit constituted a specific legacy which passed to Mary Ann Harris under the clause giving to her "the contents of my safe deposit box in the vaults of the Garfield Safe Deposit Company, at Twenty-Third street and Sixth avenue, in the borough of Manhattan, New York City, consisting of jewelry, etc., excepting my savings bank books which are therein." True, the testatrix subsequently withdrew the bonds and mortgages from this box; but, excepting for the gift thereof afterwards to the same Mary Ann Harris, to which reference will be made later, she made no other disposition of these securities. The testimony seems to me explicit that in directing the draftsman of her will with regard to its provisions the testatrix informed him that the bonds and mortgages were in this safe deposit box, and that when requested to enumerate them she insisted on the use of the peculiar phraseology adopted. The phrase "the contents of my safe deposit box　*　*　*　consisting of jewelry, etc.," is only modified by the specific exception of "my savings bank books which are therein," and this exception is significant when the whole contents of the box are considered. "As to specific legacies, the rule is well established that a will speaks as of the time of its execution." Matter of Delaney, 133 App. Div. 409, 413, 117 N. Y. Supp. 838.

[3, 4] But whatever may have been the intention of the testatrix, as derivable from a reading of the will, the evidence, to my mind, places it beyond doubt that she not only intended to give these two bonds and mortgages to Mrs. Harris (her cousin), but that she actually consummated that intention by a valid gift inter vivos. She first took them from the safe deposit vault to her home. Then she caused a letter to be written to Mrs. Harris, who lived in Massachusetts, in which she requested her to come to Brooklyn to see her, "as I　*　*　*　want to give you some property now that I have willed you;" and when

Mrs. Harris did come the testatrix handed these securities to her, saying:

"Cousin Mary, I am going to give you these as a gift. I want you to take them, and I am only too happy to give them to you."

The testatrix was over 82 years of age, evidently feeble, and with undeniably very much impaired sight. She appears to have had no kin closer than Mrs. Harris, nor any one whom she viewed with greater affection. Both ladies, when the gift was made, appeared to have done the natural thing; "they both put their arms around one another and cried." At the same visit the testatrix gave Mrs. Harris $60 in cash to aid in defraying the expenditures which her journey from Massachusetts necessitated. The residuary legatee, "Methodist Episcopal Church Home of the City of New York," is the sole one to challenge this gift, and in such a contest the kinship of the donee ought not to be lost sight of. Such would be the rule in the case of a will capable of two interpretations. Wood v. Mitcham, 92 N. Y. 375.

[5] The gift is made out largely upon the testimony of Mrs. Commondinger. She was not related to the testatrix, nor does she appear to me to be in the slightest interested in upholding the gift. In fact, such interest as she has would be the other way, for she is a claimant against the estate for services rendered the decedent in her lifetime, and to the extent that Mrs. Harris may prevail will the estate out of which Mrs. Commondinger expects to be paid be lessened. Mrs. Commondinger appears to have been quite intimate with the testatrix, fairly familiar with her affairs, and to have transacted considerable business for her, or·at least attended to such transactions. She impressed me with her truthfulness and convinced me of the honesty of her story. Nor does the fact that she was the only one to speak orally of this gift militate against the value of her testimony. I have observed the rule enjoined upon me of scrutinizing closely her evidence and find it to be clear, convincing, and satisfactory, and where that is the case a gift may be upheld upon the testimony of a single witness. The Appellate Division (Andrews v. Nichols, 116 App. Div. 645, 101 N. Y. Supp. 977) have determined that a gift may be founded upon the unsupported evidence of even a wife, husband, or relative of the donee.

The letter to which reference has alrady been made is attacked by the learned counsel for the residuary legatee, who suggests the possibility of its being an afterthought to bolster up the claim of a gift and its consequent placement in an envelope unquestionably mailed from Brooklyn to Mrs. Harris in Massachusetts. The absolute want of motive on the part of the witness to do any such wicked act would of itself require me to hold against such a view, and in the light of the weight I accord to this witness' testimony, as already stated, I cannot adopt the argument.

There will be judgment decreeing a gift by the testatrix in her lifetime of the two bonds and mortgages to Mary Ann Harris, with costs payable out of estate. I will hear the parties, if they wish, as to further costs and allowances upon the settlement of the findings.