(89 Misc. Rep. 55)

In re BURT et al.

In re GALLAGHER'S WILL.

(Surrogate's Court, Kings County.  January, 1915.)

WILLS ⊜⊃569—CONSTRUCTION—BEQUEST—GIFT INTER VIVOS—CONTENTS OF SAFE DEPOSIT BOX.

Testatrix bequeathed to her cousin the contents of her safe deposit box, except savings bank books therein contained.  The box contained a certificate of deposit payable to testatrix's order and a lease of realty owned by her, and also two bonds and mortgages owned by her.  The leased premises were under a subordinate lease by her to another, who had an option to purchase, and, on said option being exercised, the executors of testatrix assigned the lease and collected the rent accruing after her death.  After making her will, testatrix removed the certificate of deposit from the box and surrendered it in exchange for another certificate for a sum made up of the amount of the original deposit, with accrued interest.  She also withdrew from the box the bonds and mortgages, and consummated her intention to give them to her cousin by a valid gift inter vivos.  *Held*, that the proceeds into which the certificate of deposit and lease were transmitted followed the gift to the cousin, and that payment thereof to her should be directed.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1242;  Dec. Dig. ⊜⊃569.]

Proceedings on the judicial settlement of the account of Warren S. Burt and another, as executors of the last will and testament of Mary Jane Gallagher, deceased.  Decreed according to opinion.

Albert I. Sire, of New York City, for executors.

G. J. & S. N. Carr, of New York City (John J. Crawford, of New York City, of counsel), for legatee Harris.

Richard Kelly, of New York City (W. C. Beecher, of New York City, of counsel), for residuary legatee Methodist Episcopal Church Home.

Lemuel Skidmore, of New York City, for creditor.

KETCHAM, S.  It must be determined in this proceeding whether certain personal property evidenced by written instruments was the subject of the gift contained in the following language of the decedent's will:

"First.  After my lawful debts and funeral expenses are paid, I give and bequeath unto my cousin, Mary Ann Harris [here follow gifts not now in question], and also I give her the contents of my safe deposit box, in the vaults of the Garfield Safe Deposit Company, at Twenty-Third street and Sixth avenue, in the borough of Manhattan, New York City, consisting of jewelry, etc., excepting my savings bank books which are therein."

It is claimed that among the things bequeathed by the clause quoted supra there were a certificate of deposit for $6,853.60, payable to the order of the testatrix, and a lease of real estate, which was owned by the decedent at the time of the making of the will and at the time of her death.  Both were in the box mentioned in the will at the time when it was made, and there were then in the same box two bonds and mortgages, belonging to the testatrix.

The premises affected by the lease were under a subordinate lease by the decedent to one who had an option to purchase the leasehold.

This option was asserted after the death of the decedent, and the executors thereupon made assignment of the lease of the decedent and received therefor $12,000. They also collected $950, rents of the leased premises which accrued after the decedent's death. After making her will, the deceased removed the certificate of deposit from the box and surrendered it to the depositary in exchange for another certificate for a sum which was made up of the amount of the original deposit and the interest accrued thereon.

The provision quoted supra from the will has been considered by the Supreme Court in Burt v. Harris (Jan. 3, 1913) 152 N. Y. Supp. 956. That was an action brought by the executors against the objectant now claiming the proceeds of the certificate of deposit and of the lease and the residuary legatee, with respect to the two bonds and mortgages which were in the safe deposit box when the will was made. In that case it appears that the objectant interposed the claim that the decedent had made a gift to her of the bonds and mortgages.

To the consideration of evidence tending to show such gift it was essential to determine whether the alleged donor cherished at the time of the supposed gift an intention previously manifested to bequeath the bonds and mortgages to the objectant. This determination involved the construction of the will, and the conclusion of the court in that respect is therefore a direct authority which this court has not the right nor the disposition to disregard. In that case Mr. Justice Kapper said:

"If the construction of the will were the only question before me, I should be inclined to hold that the two bonds and mortgages in suit constituted a specific legacy, which passed to Mary Ann Harris under the clause giving her 'the contents of my safe deposit box in the vaults of the Garfield Safe Deposit Company, at Twenty-Third street and Sixth avenue, in the borough of Manhattan, New York City, consisting of jewelry, etc., excepting my savings bank books which are therein.' True, the testatrix subsequently withdrew the bonds and mortgages from this box; but, excepting for the gift thereof afterwards to the same Mary Ann Harris, to which reference will be made later, she made no other disposition of these securities. The testimony seems to me explicit that in directing the draftsman of her will with regard to its provisions the testatrix informed him that the bonds and mortgages were in this safe deposit box, and that when requested to enumerate them she insisted on the use of the peculiar phraseology adopted. The phrase 'the contents of my safe deposit box * * * consisting of jewelry,' etc., is only modified by the specific exception of 'my savings bank books which are therein,' and this exception is significant when the whole contents of the box are considered. 'As to specific legacies, the rule is well established that a will speaks as of the time of its execution.' Matter of Delaney, 133 App. Div. 409, 413 [117 N. Y. Supp. 838]. But, whatever may have been the intention of the testatrix, as derivable from a reading of the will, the evidence, to my mind, places it beyond doubt that she not only intended to give these two bonds and mortgages to Mrs. Harris (her cousin), but that she actually consummated that intention by a valid gift inter vivos."

All that was thus decided applies to the certificate of deposit and lease, since they were in the safe deposit box when the will was made. The result is that the proceeds into which the certificate and lease were transmitted follow the gift and must be awarded to the objectant.

The decree will therefore direct the payment to her of $12,950, received under the lease, and $7,052.53, received under the certificate.

Decreed accordingly.