(95 Misc. Rep. 71)

### In re FRANKLIN TRUST CO. et al.

### In re HASLETT'S WILL.

(Surrogate's Court, Kings County. April, 1916.)

WILLS ☞728—RIGHTS OF LEGATEES—INCOME.

A legacy of all the securities of which testatrix might die possessed, such as government bonds and bank stock, was a specific legacy, on which the legatees are entitled to all the income accruing after the death of testatrix.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1759–1780; Dec. Dig. ☞728.]

Proceeding on the judicial settlement of the accounts of the Franklin Trust Company and others, as administrators cum testamento annexo of Ellen S. Haslett, deceased. Decree entered.

McKeen, Brewster & Morgan and Beekman, Menken & Griscom, all of New York City (Richmond L. Brown, S. Stanwood Menken and Ewing R. Philbin, all of New York City, of counsel), for legatees Thorne.

John T. Bladen, of Brooklyn, pro se.

KETCHAM, S. The will under which this account is made contains the following:

"Third. I give and bequeath all the securities of which I may die possessed, and by this I intend only securities, such as government bonds and bank stock, to Ellen Haslett Thorne and Richard Van Wyck Thorne, children of Q. Maynard Thorne, of New York City, to be divided between them, share and share alike."

This legacy is as if the language thereof was:

"I give the government bonds and bank stock of which I may die possessed."

Authority amply sustains the claim that this was a specific legacy of all the securities held by the testatrix at her death which were of the nature described. For this Tifft v. Porter, 8 N. Y. 516, 521, may be cited generally. Other cases, together with the expressions respectively construed therein to constitute specific gifts, are as follows:

Matter of Tailer, 147 App. Div. 741, 133 N. Y. Supp. 122: "All amounts of insurance upon my life that are payable at my death * * * all the moneys due and to become due and all that may be collected from every policy of insurance now outstanding or that may hereafter be issued upon my life."

Matter of Werle, 91 Misc. Rep. 398, 155 N. Y. Supp. 262: "Any money remaining to my credit in the Bank of Savings."

Hamilton v. Hamilton, 75 Misc. Rep. 21, 134 N. Y. Supp. 645: "Any moneys and securities to me belonging at my decease."

Matter of Howard, 46 Misc. Rep. 204, 94 N. Y. Supp. 86: "All my deposit of money in the Erie County Savings Bank at Buffalo or the Empire State Savings Bank and in both said banks whether in open account, pass book or certificate."

Larkin v. Salmon, 3 Dem. 270: "All the money left in the West Side Bank."

Perkins v. Mathes, 49 N. H. 107: "My books and papers of every description."

Towle v. Swasey, 106 Mass. 100: "Whatever sum may be on deposit in Provident Savings Institution."

It follows that the specific legacies are entitled to all the income of such securities accrued since the death. The expression found in Matter of Bergen, 56 Misc. Rep. 92, 106 N. Y. Supp. 1038, was not essential to the decision, and it is arrayed against a mass of opinion represented by the cases cited supra. The account is therefore settled as made.

Decreed accordingly.