Surrogate's Court, Kings County, June, 1918.    [Vol. 103.

Matter of the Petition of LOUIS STOIBER, to Render and Settle His Account as Executor of the Estate of JOHN KELLER, Deceased.

(Surrogate's Court, Kings County, June, 1918.)

Wills — contracts — specific legacy of stock — executors and admin- . istrators.

> A bequest of "all the Stock which my Estate may own at the time of my death" is a specific legacy upon which the executor is not entitled to commissions.

PROCEEDING upon the judicial settlement of the account of an executor.

Clarence A. Spear, for executor.

Hardy, Stancliffe & Whitaker (Noah A. Stancliffe, of counsel), for legatees, Lydia Austin and John Alwyn Keller.

KETCHAM, S.   The will under which this accounting is made is in part as follows:

" *Seventh*. I give and bequeath to my wife Lydia, and my son Alwyn, jointly, all my estate, both Real and Personal, wherever found, all the Stock which my Estate may own at the time of my death, and in the event of the death of either of them, the bequests or benefits of the one so dying shall cease, and be delivered to the Estate of the survivor.

" *Eighth*. In case I survive my wife or son I give all the residuary estate to my executor for the surviving heir."

Paragraph seventh contains a specific gift of all the stock of which the testator died possessed. *Matter of Franklin Trust Co.,* 95 Misc. Rep. 71; *Matter of Juilliard,* 103 id. 178.   The opinions in the cases

cited present numerous authorities in which expressions substantially like that in which the gift here is couched are held to constitute specific legacies.

It results that the stock of the Keller Printing Company belonged to the legatees at once upon death, and could not become subject to the custody or administration of the executor, unless needed to defray debts or expenses of administration.  The account shows that no such need arose.  The gift of the stock was to two legatees as joint tenants and not as tenants in common or for the life of either.  Hence, no security can be required from them upon the delivery of the property. The possession by the executor of this stock is without right, and the same should be delivered to the legatees.

The executor is entitled to commissions upon the personal estate exclusive of the stock, at the valuation stated in the account, and upon the proceeds of sale of the Division avenue real estate.  The decree should accord with this opinion.

Decreed accordingly.