In the Matter of the Judicial Settlement of the Account of Proceedings of ARTHUR K. BOURNE and Another, as Executors, etc., of FREDERICK G. BOURNE, Deceased, Respondents.

MARJORIE BOURNE and Others, Appellants.

*Executors and administrators — continuing duty of executors to disclose to heir of estate true value of property purchased — sale to heir at excessive price set aside, and accounts of executors surcharged with amount of purchase price.*

Appeal from a decree of the Surrogate's Court of Suffolk county, entered in the office of the clerk of said Surrogate's Court July 7, 1922.

Decree of the Surrogate's Court of Suffolk county affirmed in all respects, except as to the matter of the sale of the so-called Dark Island property by the executors to the daughter of the testator for the sum of $389,000. The amount paid by her for that property was grossly excessive, and the evidence justifies a finding that such fact was well known to the executors at the time the sale was made. The majority of the court is of the opinion that a duty devolved upon these executors to disclose to the purchaser — one of the heirs interested in the estate — the true value of this property, to the end that she should pay no more for it than any stranger. This was a continuing duty and obligation of the executors, which they should have discharged, even though the facts concerning the overvaluation of the property did not come to their knowledge until after the transaction of the purchase was complete. The record shows, however, that the executors knew of the excessive price long before the daughter made or was charged with the final installment of the purchase price. We also think that the accounts of the executors should be surcharged with the amount of the purchase price of the Dark Island property; that the sale should be set aside, and that the executors should make distribution in accordance with the rights and interests of the several parties. The finding of fact contained in said decree concerning

the sale of said Dark Island property is reversed, and this court finds that said sale was intended and was made as a partial distribution of decedent's estate pursuant to paragraph 8 of his will, and was unjust and unfair. The decree, therefore, in this respect, is reversed, and the objection of the daughter as to this item is sustained. The sale is set aside, and the matter is remitted to the surrogate for such action in the premises as may be required, with costs to all parties appearing and filing briefs payable out of the estate. Rich, Manning and Young, JJ., concur; Kelly, P. J., dissents, as follows:

KELLY, P. J. (dissenting): I dissent from the reversal of the decree of the surrogate in the matter of the sale of the Dark Island property to the appellants. The surrogate has found that there was no actual fraud or false representations as to value, and as to this I understand the majority of the court agree. So far as breach of any fiduciary or trust relation between the appellants and the executors is concerned, I think the evidence shows that Miss Marjorie Bourne, in making the purchase, was not relying in any way upon the judgment or advice of the executors, or her brothers and sisters. She was acting for herself, and her sister Mrs. Strassburger was with her. Neither of these ladies asked any advice from the executors. She admits that her brother Arthur, one of the executors, advised her not to buy the property. She made an offer of $370,000 through her brother-in-law, Mr. Strassburger, asking the executor Vail to conceal the fact that it was her offer from her brother. After the contract was made and after the deed was delivered she lived on the property during the summer of the years 1919, 1920 and 1921, and when she began her litigation her alleged grievance was entirely different from that now asserted. It is idle to speak of this property as worth but $40,000 or $50,000, the amount of the valuations as appraised or assessed. Her father had actually expended upon the property more than the sum at which it was carried upon his books and which was the sum bid by her, and its replacement value in 1919 was double that sum. She was relying, not on the executors, but upon her own judgment and that of her sister and her brother-in-law, Mr. Strassburger, whom she appointed her attorney in fact. In fact her letters show that she resented any interference by the executors with Mr. Strassburger. Upon the evidence here, Miss Marjorie Bourne and her sister, Mrs. Strassburger, were at all times dealing at arm's length with the executors and the other members of the family. They were women of great wealth, determined to obtain this particular property, and I think they should be held to their bargain. Kapper, J., concurs. Settle order on notice.