In the Matter of the Estate of ANNA JONES COREY, Deceased.

Surrogate's Court, Oneida County, November 23, 1928.

*Clinton Noble*, for the executor.

*Edward W. Matthews*, for Edith Jones and Gertrude C. Jones, legatees.

EVANS, S. The last will and testament of the above-named testatrix was admitted to probate in this court on July 11, 1927, and proceedings are now pending for a judicial settlement of the estate. Certain provisions of the will render a construction necessary.

The 2d paragraph reads: "I bequeath all my money in the Savings Bank of Utica, the No. of the bank book is 95979 to my husband, Miles L. Corey."

The 3d paragraph reads: "I bequeath five hundred dollars to be given to Edith M. Jones of Sauquoit and five hundred dollars to be given to Gertrude C. Jones of Sauquoit to be drawn from the Citizens Trust Company of Utica, N. Y. Bank book No. 44748 providing there is the above specific amount left after my death."

The account shows that at the time of the death of the testatrix there was on deposit to her credit in the Savings Bank of Utica the sum of $4,051.59 and in the Citizens Trust Company the sum of $1,676.34. Two Liberty bonds for $50, each with accrued interest on them together with the accrued interest on the bank deposits make a total of $6,110.30.

If the deposit in the Savings Bank of Utica bequeathed to Miles L. Corey is to remain intact and not subject to the payment of debts and funeral expenses there will not be sufficient funds to pay in full the two bequests of $500 each to the legatees mentioned.

This situation thus creates the problem of determining the legal status of the bequests contained in the 2d and 3d paragraphs of the will.

I think that there is little or no reason to doubt the qualification following the bequests of $500 each to the legatees named from a specific fund in the Citizens Trust Company "providing there is the above specified amount left after my death" refers to the gross amount on deposit in the bank specified. A general legacy is a gift of personal property by a last will and testament, not amounting to a bequest of a particular thing or money or of a particular fund designated from all others of the same kind.

A specific legacy is a bequest of a specific part of a testator's personal estate distinguished from all others of the same kind. (*Crawford* v. *McCarthy*, 159 N. Y. 514.)

Applying these definitions to the matter under consideration I think that the bequests provided in paragraphs 2 and 3 of the will are in the same class and are specific legacies.

The gift to Miles L. Corey is of a particular fund in a specified bank regardless of the amount.

The gift to Edith and Gertrude C. Jones was likewise of a fund not exceeding to each the sum of $500 in a designated bank and represented by a particular bank book.

It follows that after applying the residuary estate to the payment of debts, funeral expenses, and expenses of administration, the deficiency should be made up *pro rata* among the three legatees.

Decreed accordingly.