In the Matter of the Estate of RICHARD D. ANABLE, Deceased.

Surrogate's Court, Kings County, April 16, 1931.

*Jackson, Fuller, Nash & Brophy,* for the executor.

*Baldwin, Hutchins & Todd,* for the trustees of Union College.

*Cyrus S. Jullien,* special guardian for Nancy Ellen Calhoun and Jean Louise Calhoun, infants.

WINGATE, S. In final analysis, the question here determinable is whether the accounting fiduciary should receive three separate commissions for handling the same property.

On February 16, 1925, the present testator, Richard Anable, erected a voluntary trust *inter vivos* with the United States Trust Company of New York as trustee. The terms of this instrument, as a whole are of no present materiality. Suffice it to note that certain stocks were transferred to the trustee and power was reserved by the settlor to increase the trust fund from time to time during his life or by his will. At the time of the execution and delivery of this instrument, the testator and United States Trust Company of New York were acting as the executors of the estate of Courtlandt V. Anable, who had died a resident of Richmond county at some unidentified previous time.

On February 16, 1925, Richard Anable executed the will here in

question. He died on March 9, 1925, and letters executory on his estate were issued by this court to the United States Trust Company of New York on the twenty-fourth of the same month.

By the 5th item of this will he provided as follows:

"*Fifth.* I give and bequeath any balance of my share of the principal of the estate of my deceased brother, Courtlandt V. Anable, which may come to my estate after my death (but not including any sum representing my share of the income of my said brother's estate), together with all executors' commissions which shall come to my estate after my death by reason of my having been one, of the executors of the will of my said deceased brother, to United States Trust Company of New York, a corporation organized and existing under and by virtue of the laws of the State of New York, with its principal place of business at Number 45 Wall Street, Borough of Manhattan, New York City, as trustee under a certain deed of trust executed by me under date of February 16th, 1925. All property received by said United States Trust Company of New York under the provisions of this paragraph '*Fifth*' of my will, shall be added to the principal of the trust fund held by it under said deed of trust and said property and the income therefrom shall be held and disposed of by said Trustee in the same manner and on the same terms as the property originally comprised in the principal of said trust fund and the income therefrom, respectively. In the event, however, that my said brother, Arthur S. Anable, shall survive me and I shall not during my lifetime have given to him the said sum of Eight thousand five hundred dollars ($8,500) in accordance with my intention as expressed in paragraph '*fourth*' hereof, then the bequest contained in this paragraph '*fifth*' of my will shall be diminished by the sum of eight thousand five hundred dollars ($8,500), which sum shall be used by my executor for the purpose of satisfying the bequest to my said brother, Arthur S. Anable, contained in said paragraph '*fourth*' hereof."

In its present account the executor shows assets received from the estate of Courtlandt V. Anable amounting to $127,492.79 and commissions, as allowed by the decree of the surrogate of Richmond county, earned by Richard Anable prior to his death, aggregating $7,327.12.

Aside from these, the only principal assets of the estate of Richard Anable which came into the hands of the executor are listed as being worth $16,568.15. The funeral and administration expenses of the estate are given as $5,462.47; transfer and estate taxes, $4,158.42 and debts paid, $1,144.09. The aggregate of these items is $10,764.96. The result is that, excluding the interest of Richard Anable in the estate of Courtlandt V. Anable and also excluding

the executor's commissions to which he was entitled in that estate, his own estate was more than solvent.

On these facts, the United States Trust Company of New York claims executor's commissions in the estate of Richard Anable on the aggregate of $134,819.91, received from the estate of Courtlandt V. Anable and which under the terms of Richard Anable's will, above quoted, passed to it as trustee under the deed of trust. By the terms of the trust agreement further commissions on this same principal will be payable to it.

Commissions to executors are regulated by section 285 of the Surrogate's Court Act which, after providing for various rates, reads: " The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, received, distributed or delivered, shall be considered as money in making computation of commissions. But this shall not apply in case of a specific legacy or devise."

As was pointed out by the Court of Appeals in *Collier* v. *Munn* (41 N. Y. 143, 147), the provisions of the statutes relating to commissions of executors are merely a codification of the former rules of the Court of Chancery which, by reason of such legislative acts, were adopted and sanctioned by the representatives of the people. The commissions set forth in the statute are given to the representative " in full for all his services in the discharge of the trust " and establish a fixed standard of compensation irrespective of the services which the representative may be called upon to perform in connection with the affairs of the particular estate.

It will be noted from the portion of the statute quoted that commissions on specific legacies or devises are expressly excluded and that property so given is not to be considered in determining the basic content of the estate upon which commissions are to be computed. That the statute means exactly what it says has been repeatedly and conclusively determined by the courts. (*Schenck* v. *Dort*, 22 N. Y. 420, 424; *Matter of Whipple*, 81 App. Div. 589, 590; *Matter of Lester*, 172 id. 509, 521; *Matter of Bourne*, 119 Misc. 43, 49; affd., as to this point, 206 App. Div. 762; *Matter of Fisher*, 93 id. 186, 189.)

In the last cited case the court says (at p. 188): " It may be conceded that if this provision of the will be construed as making specific bequests, the executor is not entitled to commissions for making delivery of the specific thing bequeathed. (*Schenck* v. *Dart*, 22 N. Y. 420.) Nor would this rule be changed even though the legatees by agreement among themselves directed the executor to sell the same and divide the proceeds. It might be that under such circumstances the executor could exact and enforce compensa-

tion for his services against the legatees, but his act in making sale of property specifically bequeathed and distributing the proceeds would not create any right to commissions or make the estate liable for his services. (*Collier* v. *Munn*, 41 N. Y. 143.) The executor's right to commissions upon this portion of the estate must, therefore, depend upon the nature of the bequest."

In accordance with the language of the Appellate Division just quoted, the question must, therefore, be examined as to whether the bequest in item 5th of the decedent's will of " any balance of my share of the principal of the estate of my deceased brother * * * together with all executor's commissions * * * by reason of my having been one of the executors of the will of my deceased brother," amounts to a specific legacy.

One of the earliest authoritative determinations on the question of specific legacies is found in *Tifft* v. *Porter* (8 N. Y. 516), in which the court says (at p. 518): " A legacy is general, when it is so given as not to amount to a bequest of a particular thing or money of the testator distinguished from all others of the same kind. It is specific, when it is a bequest of a specified part of the testator's personal estate which is so distinguished."

In *Crawford* v. *McCarthy* (159 N. Y. 514) the Court of Appeals reaffirms the same description of a specific legacy, in the following terms (at p. 518): " A general legacy is a gift of personal property by a last will and testament, not amounting to a bequest of a particular thing or money, or of a particular fund designated from all others of the same kind. A specific legacy is a bequest of a specified part of a testator's personal estate distinguished from all others of the same kind."

*Matter of Matthews* (122 App. Div. 605) contributes the following (at p. 607): " It comes squarely within the definition of a specific legacy, which has been defined as 'A gift by will of a specific article or part of the testator's estate, which is identified and distinguished from all other things of the same kind, and which may be satisfied only by the delivery of the particular thing.' "

In accordance with these definitions, the following have been held to be specific legacies: The contents of a safe deposit box, desk or chest (*Matter of Thompson*, 217 N. Y. 111, 115); personal property in a certain location (*Matter of Delaney*, 133 App. Div. 409; affd., 196 N. Y. 530); money in a specified savings bank (*Matter of Corey*, 133 Misc. 199); all the remainder of testatrix's wearing apparel, jewelry, etc. (*Matter of Juilliard*, 103 Misc. 178); all money in a certain described bag (*Farnum* v. *Bascom*, 122 Mass. 282, 286); "All my books, historical or biographical, of Greece, or Rome " (*Mayo* v. *Bland*, 4 Md. Ch. 484); all clothing, jewelry

and other personal effects (*Matter of Columbia Trust Co.*, 186 App. Div. 377).

It is, of course, apparent that the decedent's share or interest in his deceased brother's estate was at the time of the execution of the will and of its probate a chose in action. It was clearly a " particular fund " within the language of the Court of Appeals in *Crawford* v. *McCarthy*. Its nature and description were clear, and the gift could not have been solved by any other property indiscriminately in the possession of the estate. Under these circumstances, it is entirely obvious that this was a specific legacy. As a result, upon the death of the testator, title to it vested, not in the executor, but in the legatee. (*Matter of Utica Trust & Deposit Co.*, 148 App. Div. 525, 527, 528; *Matter of Tailer*, 147 id. 741, 747; affd., 205 N. Y. 599; *Matter of Columbia Trust Co.*, 186 App. Div. 377, 380.) The only authority which the executor of this estate as such could have over it would be in the event that the assets of the estate were insufficient to pay the creditors. This condition did not here exist. The result is that the executor never had title, and certainly after the time for presentation of claims no right to possession of the specifically bequeathed chose in action derived from the estate of Courtlandt V. Anable and is, therefore, not entitled to any commissions either on the principal or income thereof. The legacy and commissions, aggregating $134,819.91, passed directly to the trustee under the deed of trust.

The executor has cited two determinations by former surrogates of this court as contrary to these views (*Matter of Bergen*, 56 Misc. 92; *Matter of Kings County Trust Co.*, 69 id. 531). The former was a gift of all shares of stock which testator owned at his death and the question was presented as to whether these stocks were subject to the payment of testator's debts in exoneration of realty. The court held that since the will did not refer to stock in existence at the time of the drawing of the will, it was, therefore, a general legacy. Obviously this is not an applicable precedent in the present case since the interest of the testator in his brother's estate was an existing right at the time of the execution of the will. Furthermore, the rule therein applied, that a legacy cannot be specific if referring to property identified only as of the time of death, appears to have been overruled in a number of the cases above cited.

In the latter-cited decision the terms of the bequest in question did not appear from the opinion except in the statement on page 534 that it was solvable either from the stock in trade of decedent's business or in money. Under such circumstances the determination that the legacy was not specific was unquestionably sound. (*Matter of Smallman*, 138 Misc. 889.)

The final point raised by the accountant, as entitling it to commissions on the specific legacy in question, is that it was necessary for the executor to perform certain acts respecting the property received from the estate of Courtlandt V. Anable. The facts disclosed refute the necessity referred to, but even if such were the fact, it could not alter the result of denial of commissions, in view of the clear legislative intent demonstrated in the statute that commissions on specific legacies shall be disallowed. Even had action by the executor in respect to the property been required, it seems apparent from the determination in *Davis* v. *Crandall* (101 N. Y. 311) that this would not vary the result.

From the figures in the account the court is unable to determine whether the income on the property received from the estate of Courtlandt V. Anable is included in the assets upon which the executor seeks commissions. If such be the fact, these items must be eliminated from the computation for the reason that since the executor had no title to the principal, its collection of income thereon amounted merely to the officious intermeddling of a volunteer. All sums received from this estate, together with the income derived therefrom, were at all times since the death of the present testator the property of the United States Trust Company of New York, as trustee under the trust agreement, and should, therefore, be eliminated from the account.

Proceed accordingly.