Maximilian Moss, S.
As an incident to the settlement of his account the executor requests a construction of the will. The difficulty arises from a provision of the will wherein testatrix bequeaths certain bonds to her husband. Subsequent to the execution of the will testatrix purchased additional bonds of the same description. Testatrix’ husband claims these bonds as specifically bequeathed property while a nephew asserts that they are part of the residuary estate. If testatrix’ husband is correct, the residuary estate would be insufficient to pay taxes, administration expenses and a legacy of $5,000 to the nephew payable out of the residuary.
It is apparent from the will that at the time of its execution the thoughts of testatrix were centered upon the items of personal property then possessed by her. Every provision relates to identifiable property except two, namely, the legacy of $5,000 to the nephew — payable out of the residuary — and the residuary itself. That she believed she was disposing of the specific property she then possessed is further supported by the fact that testatrix enumerated five different items of such property in the paragraph in which she disposed of the bonds, giving all of them to her husband. In the very next paragraph she gave him her residuary estate. Unless specific disposition of her then existing identifiable property dominated her mind at the time of the will’s execution, the paragraph giving the bonds to her husband was superfluous and without perceptible reason. In disposing of the bonds testatrix was referring to an actually existing state of things and, under such circumstances, it was not her intention that the after-acquired bonds should pass to the husband as part of the specific bequest. The court therefore holds such after-acquired bonds to be part of the residuary estate.
*865 Although it was held in Wetmore v. Parker (52 N. Y. 450, 463-464), that generally, but not universally, a will speaks from the death ®f the testator, yet the court went on to say: ‘ ‘ ‘ Whenever a testator refers to an actually existing state of things, his language should be held as referring to the date of the will, and not to his death. ’ (21 Conn., 616.) * * * Specific gifts, whether of stock or other personal estate, have been construed to have reference to the property of the testator then in existence, and subsequently acquired article's will not pass.” (See, also, Van Alstyne v. Van Alstyne, 28 N. Y. 375; O’Brien v. Heeney, 2 Edw. Ch. 242; Matter of Delaney, 133 App. Div. 409.)
The court holds that those bonds only which were in existence at the time of the will’s execution pass to the husband as part of the specific bequest in the will. The will is so construed. In view of the foregoing determination, the other questions of construction and the objections to the account based thereon are deemed academic.
Settle decree on notice.