In the Matter of the Accounting of JOHN THOMPSON et al., as Executors of MARY J. GALLAGHER, Deceased, Appellants.

METHODIST EPISCOPAL CHURCH HOME OF THE CITY OF NEW YORK, Appellant; MARY A. HARRIS, Respondent

Will — presumption that will of personal property speaks of the time of death of testator — such presumption may be rebutted if nature of property bequeathed and testator's language indicate that he intended the will to speak as of the time of its making — facts examined, and held, insufficient to rebut such presumption.

1. The presumption is that in a will of personal property the intention of the testator is that the will shall speak as of the time of his death, but this presumption in the case of specific legacies may be rebutted when the nature of the property or thing bequeathed or the language used by the testator in making the bequest, indicates that he intended it to speak as of the time of making the will.

2. Testatrix bequeathed to the respondent "the contents of my safe deposit box, in the vaults of the Garfield Safe Deposit Company * * *, consisting of jewelry, &c., excepting my Savings Bank Books which are therein." Other legacies follow and she then gives all the residue of her estate to the appellant. At the time of the execution of the will the safe deposit box above referred to contained a certificate of deposit and a lease of certain lands; later the certificate of deposit was surrendered by testatrix and a new certificate taken by her in its place; at the time of her death the certificate of deposit and the lease were at her residence. *Held*, that "the contents of my safe deposit box" include only such articles as were in the box at the time of the death of testatrix.

*Matter of Thompson*, 171 App. Div. —, reversed.

(Argued January 10, 1916; decided January 25, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 19, 1915, which affirmed a decree of the Kings County Surrogate's Court surcharging the accounts of the executors of Mary J. Gallagher, deceased. ·

*William C. Beecher* and *Richard Kelly* for appellants. The will speaks as of the date of the death of the testatrix, and the bequest of the contents of the safe deposit box covers only such articles as were therein at the time of the death of the testatrix. (*Waldo* v. *Hayes,* 96 App. Div. 454; Jarman on Wills [6th Eng. ed.], 409; *Bothamley* v. *Sherson,* L. R. [20 Eq.] 304; *Trinder* v. *Trinder,* L. R. [1 Eq.] 695; *Drake* v. *Martin,* 23 Beav. 89; 53 Eng. Rep. 35; *Goodlad* v. *Burnett,* 1 K. & J. 341; 69 Eng. Rep. 489; *Robeson* v. *Hamilton,* L. R. [2 Ch. 1891] 559; *Gaff* v. *Cornwallis,* 219 Mass. 226; *Richmond* v. *Vanhook,* 38 N. C. 503; *Hodgkins* v. *Hodgkins,* 123 App. Div. 110.) The bequest of the contents of the box must be confined to jewelry and other articles of the same nature. (*Matter of Reynolds,* 124 N. Y. 388; *Ball* v. *Dixon,* 83 Hun, 344; *Matter of L. I. R. & T. Co.,* 92 App. Div. 5; *Ludwig* v. *Bungart,* 33 Misc. Rep. 177; *Fenton* v. *Fenton,* 35 Misc. Rep. 479; *Lathers* v. *Keogh,* 39 Hun, 576; 109 N. Y. 583; *Woodcock* v. *Woodcock,* 152 Mass. 353; *Barnaby* v. *Tassell,* L. R. [11 Eq.] 363; *Newman* v. *Newman,* 26 Beav. 220; *Matter of Schouler,* 134 Mass. 426.) The question of the proper construction of Mrs. Gallagher's will survives its unanimous affirmance by the Appellate Division. (*Smyth* v. *Bklyn. Union,* 193 N. Y. 335; *Matter of Cunion,* 201 N. Y. 123; *Poel* v. *Brunswick Co.,* 216 N. Y. 310; *Williams* v. *Jones,* 166 N. Y. 522; *Matter of Green,* 153 N. Y. 223; *Union Mills* v. *Harder,* 191 N. Y. 483; *Morehouse* v. *B. H. Ry. Co.,* 185 N. Y. 520.)

*John J. Crawford* for respondent. The finding of the surrogate respecting the intention of the testatrix is, in view of the evidence introduced by the appellants, a finding of fact, and not reviewable by this court. (*Effens* v. *Littlejohn,* 164 N. Y. 187; *Hankinson* v. *Vantine,* 152 N. Y. 20; *Matter of Yates,* 99 N. Y. 94; *Matter of Percival,* 79 Misc. Rep. 567.) The intention of the testatrix

was to bequeath to the respondent Mary Ann Harris all that was in the safe deposit box at the time of the execution of the will, with the exception of the bank books. (*Wetmore* v. *Parker*, 52 N. Y. 450; *Rogers* v. *Rogers*, 153 N. Y. 343; *Matter of Delaney*, 133 App. Div. 409; 196 N. Y. 530; *Matter of Donahue*, 109 App. Div. 158; *Matter of Robson*, L. R. [2 Ch. 1891] 559.)

POUND, J.    Mary Jane Gallagher died April 25, 1912, and left a last will and testament, executed June 27, 1908, which was duly probated, and an estate of upwards of $45,000.

The first clause of the will provides:

"*First*. After my lawful debts and funeral expenses are paid, I give and bequeath unto my cousin, Mary Ann Harris, of West Lynn, Massachusetts, the sum of Three thousand dollars ($3,000.00), and all of my household effects, including my wardrobe, bed, bedding, pictures, except the picture of George Washington worked in Worsted, and I also give her the contents of my safe deposit box, in the vaults of the Garfield Safe Deposit Company, at Twenty-third Street and Sixth Avenue, in the Borough of Manhattan, New York City, consisting of jewelry, &c., excepting my Savings Bank Books which are therein; but in case of her death the same are to go to her daughter, Nellie Spinner."

Other legacies follow and she then gives all the residue of her estate to the appellant, the Methodist Episcopal Church Home.

The surrogate has found that at the time of the execution of the will the safe deposit box above referred to contained a certificate of deposit of the Union Trust Company, dated May 7, 1902, for the sum of $6,853.60 and a lease for ninety-nine years of lands of the Ocean Grove Camp Meeting Association; that on February 8, 1909, the certificate of deposit was surrendered by testatrix and a new certificate taken by her in its place; that at the time

8

of her death the certificate of deposit and the lease were at her residence; that the executors realized on the lease $12,760.75, which they paid to the residuary legatee, and that they have collected on the certificate of deposit $7,052.73. The surrogate has also made as a finding of fact the following: "That it was *the intention* of the testatrix that said lease for ninety-nine years and said certificate of deposit, dated May 7, 1902, should pass to the objectant, Mary Ann Harris, under said clause first of her said will." And he directs the payment of the proceeds thereof, with interest, to the respondent, said Mary Ann Harris.

The contention of the Methodist Episcopal Church Home is that the certificate of deposit and the lease are not specifically bequeathed to Mary Ann Harris, and that the will does not speak as of the time of its execution, when the certificate of deposit and the lease were in the safe deposit box, but speaks as of the time of the death of the testatrix, when they had been removed therefrom. If "the contents of my safe deposit box" include only such articles as were in the box at the time of the death of testatrix, the certificate of deposit and the lease do not pass under the first clause of the will, but if the words include such articles as were in the box at the time the will was executed they go to Mary Ann Harris.

The intention of the testatrix is to be determined from the language of the will as construed in the light of the facts and circumstances surrounding its execution, and where a finding of fact as to such intention is based only on the will and the surrounding facts and circumstances as found by the trial court, the judicial construction of the will is a question of law reviewable by this court, although the decree of the Surrogate's Court has been unanimously affirmed by the Appellate Division. (*Williams* v. *Jones*, 166 N. Y. 522, 533; *Smyth* v. *Brooklyn Union El. R. R. Co.*, 193 N. Y. 335, 338.) The presump-

tion is that in a will of personal property the intention of the testator is that the will shall speak as of the time of his death, but this presumption in the case of specific legacies may be rebutted when the nature of the property or thing bequeathed, or the language used by the testator in making the bequest, indicates that he intended it to speak as of the time of making the will. (*Van Vechten* v. *Van Veghten*, 8 Paige, 105, 116, 117; *Matter of Delaney*, 133 App. Div. 409.)

That a legacy of the "contents" of a safe deposit box, a desk or a chest, plainly means whatever might be therein at the time of the death of the testator has been generally held. (*Robson* v. *Hamilton*, L. R. [2 Ch. 1891] 559; *Gaff* v. *Cornwallis*, 219 Mass. 226; *Richmond* v. *Vanhook*, 38 N. C. [3 Ired. Eq.] 581, 588.) If the contents of the box are specifically mentioned, and merely described as being in the box, and the language of the will does not localize the subject of the legacy, it might be immaterial whether the articles thus mentioned remained in the box or not. Thus in *Cunningham* v. *Ross* (2 Lee Ecc. Rep. 272) the testator gave to his widow all his bills, bonds, etc., belonging to him, lying in the lodgings he then possessed, and before his death left such lodgings, and in *Prendergast* v. *Walsh* (58 N. J. Eq. 149) testatrix bequeathed to her sisters her money on deposit in certain savings banks and afterwards moved the deposit to another bank, and it was held that the words of location were merely descriptive, that the legacy was specific and that the removal of the subject thereof from the place mentioned did not amount to an ademption.

It is urged that the intent of the testatrix specifically to bequeath the certificate of deposit and the lease is to be inferred from the exception of "my savings bank books which are therein." This conclusion seems strained and unnatural. She might except from the contents of the box any articles which might be contained therein with-

out in the slightest degree indicating an intention not to make the gift a better gift by putting other articles into the box, or a worse gift, or none, by removing a part or the whole of the contents before her death. She describes the contents of the box as "consisting of jewelry, &c.," and if it were not for the reference to the savings bank books, the inference that "jewelry, &c." included securities and evidences of debt would scarcely be suggested. So long as the will contains a residuary clause, the general words would be limited to things *ejusdem generis*. (*Matter of Reynolds*, 124 N. Y. 388.)

The most reasonable conclusion as to testatrix's intention is that she purposely left the description of the contents of the box vague and uncertain, so that she might change the legacy to Mary Ann Harris by changing the contents of the box. This method of drafting a bequest is not to be commended for definiteness, but to disregard the principles of construction above stated would lead to far greater difficulty and uncertainty, if not to frauds and perjuries, in the effort to establish what the contents of a safe or box were at the date of a will, executed perhaps many years before the death of the testator.

The order should be reversed, with costs in all courts against respondent, and proceeding remitted to the Surrogate's Court of Kings county to proceed in accordance herewith.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur.

Order reversed, etc.