CENTRAL UNION TRUST COMPANY OF NEW YORK, as Executor, etc., of ADELE E. FLINT, Deceased, Respondent, *v.* THOMPSON J. S. FLINT and CHARLES B. HALSEY, Appellants.

First Department, December 2, 1921.

**Wills — construction — provision in will bequeathing house with all " contents " thereof to defendant is not sufficiently broad to pass agreement of indebtedness found therein and to forgive indebtedness evidenced thereby.**

A provision in a will bequeathing to the defendant testatrix's house, together with its " contents," is not sufficiently broad to pass an agreement of indebtedness found therein and to forgive the indebtedness evidenced by it, where there is nothing in the will to indicate that the testatrix intended to transfer the agreement to the defendant and the language employed is inappropriate for the forgiveness of an indebtedness and is not contained in a residuary clause, and there is a residuary clause so that the testatrix will not have died intestate with respect to said claim.

APPEAL by the defendants, Thompson J. S. Flint and another, from a judgment of the Supreme Court in favor of

the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of September, 1921, upon the report of a referee to whom the issues were referred to hear and determine.

*Clarence DeWitt Rogers,* of counsel, for the appellants.

*Miller, King, Lane & Trafford [William C. Barr* of counsel], for the respondent.

LAUGHLIN, J.:

This action is brought by the executor of the will of Adele E. Flint, deceased, to recover six installments due and unpaid under an agreement between the defendants and the testatrix, bearing date the 10th day of December, 1917, which recites that the testatrix had loaned to the defendants the sum of $30,000, and that they agreed to repay it in semi-annual installments of $1,000 each, together with interest on the outstanding principal, and as security for the loan the defendants had deeded to the testatrix the premises known as 99 Lexington avenue, New York city, which she was to hold as security and to reconvey to them should they obtain a purchaser, on their agreement to apply any moneys realized from the sale in reduction of the loan. The testatrix died on the 19th of September, 1920. The semi-annual interest was paid as it fell due, but nothing had been paid on the principal. The testatrix was the aunt of the defendant Flint, and resided on her country estate at Larchmont, called " Waterlow." On the 26th of March, 1920, her will was drawn by a member of a firm of attorneys practicing law in New York city. The defendants claim that the agreement was surrendered to the defendant Flint and the indebtedness forgiven to him by the 8th paragraph of the will of the testatrix, which provides as follows:

" *Eighth.* I give, devise and bequeath to my nephew, Thompson J. S. Flint, the lands with the buildings thereon erected, owned by me and known as ' Waterlow,' at Larchmont, New York, together with all the contents of the said house, with the exception of the articles hereinabove bequeathed to others."

The testatrix rented a safety deposit box from the Lincoln

Safe Deposit Company, and in it she customarily kept her securities; but on the safety deposit box being opened by her executor after her death, neither this agreement nor any paper relating to it was found therein. According to the testimony of the wife of the defendant Flint, he expressed surprise that the agreement was not found in the safety deposit box, which tends to show that there was no understanding between the testatrix and the defendants to the effect that the indebtedness was canceled. Mrs. Flint also testified that on the first of May, after the death of the testatrix, she and her husband went to the premises devised to him by the 8th paragraph of the will, and on going over the papers left by the testatrix in the attic, she found the agreement in question, together with a letter from the defendant Flint to the testatrix which he sent to her with the agreement, and also a bond and mortgage given by one Nottman and an extension agreement relating thereto, inclosed in an envelope bearing the return address of the Lincoln Safe Deposit Company, addressed in the handwriting of the testatrix " Mr. T. J. S. Flint; " and that the envelope and a number of vouchers were in a cardboard shoe box, and the box was dusty and had the appearance of having been there a long time. The house had been vacant from the time of the death of the testatrix, and no other securities were found therein. The testatrix, although seventy-nine years of age, personally attended to her affairs until ten days before her death, and her mind was clear until half an hour before she died. It appears that she had executed a reconveyance of the premises 99 Lexington avenue to the defendants under date of May 17, 1920, and acknowledged it two days later, and it was recorded the day before she died. There was no evidence with respect to the circumstances under which she executed the reconveyance, or as to when or under what circumstances it was delivered to the defendants. The fact that the testatrix retained possession of the agreement tends to show that the reconveyance was intended to be made pursuant thereto and not in cancellation thereof.

The sole claim made by the appellants is that the agreement was given to the defendant Flint by the 8th paragraph

of the will as part of the contents of the house. The learned referee refused to find that the agreement was in the house when the testatrix died. In that we think he erred, for there was nothing in the record tending to discredit the testimony of Mrs. Flint, and the truthfulness of her testimony is shown by the fact that it would have been to the interest of her husband for her not to have so testified, for that would have left the agreement in the possession of the defendants, who produced it on the trial, and it does not appear that the plaintiff could have shown that such possession was not lawfully acquired prior to the death of the testatrix. It must be assumed, therefore, that the testimony of Mrs. Flint was true, and the presumption follows that the agreement was in the attic of the house when the testatrix died. If this were a residuary clause of the will, or if the testatrix would have died intestate with respect to the agreement if it were held that the title thereto did not pass to the defendant Flint thereunder, a broad construction might be given thereto; and to avoid intestacy it might be held that it passed to Flint under the comprehensive word " contents " of the house. (*Matter of Reynolds,* 124 N. Y. 388; *Ball* v. *Dixon,* 83 Hun, 344; *Fenton* v. *Fenton,* 35 Misc. Rep. 479; *Matter of Delaney,* 133 App. Div. 409; *Matter of Thompson,* 217 N. Y. 111, 116.) But this was not a residuary clause, and the testatrix, who left an estate aggregating in value about $613,000 and debts aggregating only $800, after making various legacies and bequests, by the 17th paragraph of the will gave the rest, residue and remainder of her property, representing upwards of one-half of the entire estate, in equal shares to eleven nephews and nieces, including the defendant Flint. Moreover, there is to be found in the provisions of the will some evidence, I think, that the testatrix did not understand that by the 8th paragraph of the will she was giving to the defendant Flint everything within the walls of the house with the exception of the articles thereinbefore bequeathed to others. The only articles in the house that were bequeathed to others by the provisions of the will preceding the 8th paragraph were certain specified furniture and three pieces of Raynham china. By the 10th paragraph of the will she gave to the defendant Flint all her silver, linen, china, glass and jewelry,

and requested him to dispose of it in accordance with a letter or memorandum of instructions that she intended to leave, and stated that she did not intend thereby to impose any legal obligation upon him, but that she had full confidence that he would respect and carry out her wishes. There is no evidence with respect to where the property described in the 10th paragraph of the will was when the testatrix died; but from its nature I think it may fairly be inferred that it was in the house, which, with its contents, she devised to the defendant Flint. If she or the draftsman of the will understood that the property thus given under the 10th paragraph had been given to the defendant Flint absolutely under the 8th paragraph as part of the contents of the house, it would have been unnecessary to give it to him again by the 10th paragraph, and it is probable that an exception with respect thereto, as well as with respect to the articles specifically excepted therefrom, would have been made in the 8th paragraph. If she had intended to forgive this indebtedness by the will, it is highly probable that such intent would have been evidenced by language more appropriate than is found in the 8th paragraph. The provisions of a will with respect to a legacy or bequest are given a broad or narrow construction in order to carry into effect the intent of the testator. (*Matter of Lowe,* 149 App. Div. 347; mod. and affd., 206 N. Y. 671.) But here we find in the will nothing to indicate that the testatrix intended to transfer this chose in action to the defendant Flint, and the language employed is inappropriate for the forgiveness of an indebtedness and is not contained in a residuary clause, and there is a residuary clause in the will so that the testatrix will not have died intestate with respect to this claim for money loaned, if it be held that it does not go to defendant Flint under the 8th paragraph; and, therefore, that paragraph should not be given a construction sufficiently broad to pass the agreement and to forgive the indebtedness evidenced thereby.

It follows that the judgment is right and should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment affirmed, with costs.