In the Matter of the Estate of DORA ROTHSCHILD, Deceased.

Surrogate's Court, New York County, January 20, 1937.

*Sidney L. Fishkin,* for the executor, petitioner.

*Alice Dillingham,* special guardian for the infant residuary legatee.

DELEHANTY, S. At the time of the death of deceased she lived in an apartment with another woman, and in the apartment her trunk was opened by police officers and found to contain two life insurance policies providing for payment of $248, three savings bank books indicating balances in two of them of over $3,000, and a nominal balance in the third, two rings, old clothing and personal effects and cash of $62.60. The only tangible property of deceased other than that found in the trunk consisted of two rings of nominal value.

The will of deceased, executed in October, 1926, about ten years before her death, provided for the erection of a monument on her grave at a stated cost. It then provided for two general legacies

of $1,000 each to the brothers of deceased. It then gave a specific legacy of a piece of jewelry to a niece. It then provided in the sixth paragraph: " I give and bequeath to my sister-in-law, Mary Rothschild, my small two stone diamond ring to be hers absolutely and foreover. I also give and bequeath to the above named, Mary Rothschild, my trunk with the contents thereof to be hers absolutely and forever."

The residuary was then to be divided into four parts for equal division to named nephews and nieces. The will appoints the brother of the testatrix as the executor. He is the husband of the beneficiary of the gift made by the sixth paragraph quoted above. The question presented is whether or not the gift by the sixth paragraph of the will vests in the legatee there named all of the money to be derived from the insurance policies and the savings banks.

The legatee under the sixth paragraph has not appeared nor made any claim to any of the property. Her husband, the executor, asserts that the insurance policy and the cash of $62.60 pass under the sixth paragraph but does not claim that the paragraph operates to transfer to his wife the bank books or the two rings which are specifically bequeathed.

It is plain, of course, from the tenor of the will that the testatrix did not intend that the beneficiary under the sixth paragraph should receive all of her property. While the general rule is that a legacy of the contents of a receptacle passes whatever is contained therein at the time of the death (*Matter of Thompson*, 217 N. Y. 111; Davids Wills, §§ 761, 762), this general rule is subordinate to the master rule that the intention of a testator must always govern. In *Central Union Trust Co.* v. *Flint* (198 App. Div. 703) the court (at p. 707) discussed a gift of the contents of a house and said: " The provisions of a will with respect to a legacy or bequest are given a broad or narrow construction in order to carry into effect the intent of the testator." The court there cited *Matter of Lowe* (149 App. Div. 347; modfd. and affd., 206 N. Y. 671). In the circumstances here presented the rule of narrow construction should be adopted. The court holds that neither the insurance policies nor the cash found in the trunk passed to the legatee. Neither did the rings nor the bank books. The gift is held to be effective only in respect of the clothing and other miscellaneous personal effects therein.

Submit, on notice, decree construing the will accordingly.