MILDRED STEIN, Plaintiff, *v.* THE DIXIE BUS TERMINAL, INC., and MIRROR LAKE INN, Defendants.

Supreme Court, Special Term, Bronx County, November 28, 1939.

*Greene & Spitzer,* for the plaintiff.

*Martin J. Kelly, Jr.* [*Alan J. Bamberger* of counsel], for the defendant Dixie Bus Terminal, Inc.

*Harold R. Soden,* for the defendant Mirror Lake Inn.

NOONAN, J.   This is a motion by the defendant The Dixie Bus Center, Inc., sued herein as The Dixie Bus Terminal, Inc., to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

It is alleged in the first cause of action that the moving defendant is engaged in the business " of arranging tours for a person or persons on Motor Coach Lines and in hotels " as the agent of such transportation companies and hotels and that on July 10, 1939, the plaintiff purchased from the moving defendant at a cost of eighteen dollars and forty cents transportation on a motor bus to and from New York city and Lake Placid, N. Y., and accommodations consisting of a single room with private bath, together with meals for one and three-quarters days at the hotel known as Mirror Lake Inn at Lake Placid owned and operated by the defendant Wycoff, and that upon her arrival at Mirror Lake Inn and presentation of the coupon purchased as part of her tour or journey, she was refused admission because of her race and creed, in consequence of which the plaintiff " was subject to great humiliation and inconvenience and was grossly insulted by the agents, employees and /or servants of the defendant Clymena Wycoff, and that the plaintiff was compelled to leave the said hotel and seek other accommodations to her great inconvenience and mental suffering, and by reason of the unlawful acts and refusal on the part of the defendant Clymena Wycoff, her agents and employees, and by reason of the sale by defendant Dixie Bus Terminal Company, Inc. of the said accommodations, the plaintiff had been damaged by the defendants in the amount of ($4,500) forty-five hundred dollars."

The second cause of action in the complaint concerns the defendant Wycoff alone and is based upon a violation of sections 40 and 41 of the Civil Rights Law.

The present motion, therefore, relates to the first cause of action. From the allegations therein, it may be spelled out that the moving defendant made a contract with the plaintiff by which, in return for the price paid, the moving defendant undertook to furnish the plaintiff not only with transportation to and from Lake Placid, N. Y., but also with the hotel accommodations for the specified period of time at the Mirror Lake Inn.

It is for the breach of this contract that the plaintiff seeks damages. I think a sufficient cause of action is alleged against the moving defendant and the motion to dismiss is, therefore, denied, with leave to said defendant to answer within ten days after the service of a copy of order to be entered herein with notice of entry thereof. Settle order.