In the Matter of the Estate of NORMAN C. WILLETT, Deceased.

Surrogate's Court, New York County, June 23, 1942.

*Shattuck, Bangs & Davis*, for the petitioner.

*Boyd & Holbrook*, for Claire P. Willett, respondent.

*Kelley & Connelly* [*John E. Connelly, Jr.*, and *William N. Reidy* of counsel], for Eve Haws Willett, respondent.

*Irving Mendelson*, special guardian.

FOLEY, S. In this contested accounting proceeding certain issues were disposed of by the prior decision of the surrogate. (*Matter of Willett*, N. Y. L. J., May 21, 1942, p. 2165.) There remains for determination the construction of the third paragraph of the will, together with the following incidental questions: (1) Whether Eve Haws Willett is the surviving wife of the decedent; (2) the effect on the terms of decedent's will of an antenuptial agreement executed by the decedent and Eve Haws Willett; and (3) the right of Eve Haws Willett to the widow's exemption under section 200 of the Surrogate's Court Act. Testimony has been taken on these issues.

The decedent had formerly been married to Claire P. Willett. On October 5, 1937, the decedent and Claire Willett entered into an agreement of separation. The decedent agreed to pay her a monthly sum and to make a certain provision for her in his will. In the

event that she survived him and was then unmarried and not under any agreement to marry, the decedent agreed that if he died " leaving neither widow (other than the party of the second part) nor any child him surviving " Claire P. Willett should be entitled to receive two-thirds of his net residuary estate. If, however, he died " leaving a widow * * * or a child or children him surviving," then Claire Willett should be entitled to receive one-third of his net residuary estate. He obligated himself to make such provisions in his will.

Thereafter in December, 1937, the marriage of the decedent and Claire Willett was terminated by a valid decree of divorce.

The decedent executed his last will and testament on June 30, 1938. In paragraph third he carried out the obligations imposed upon him in the separation agreement. At that time he was unmarried but was contemplating marriage with Eve Haws. The third paragraph of the will, in so far as material here, reads as follows:

" In the event that I shall die leaving me surviving my former wife, Claire P. Willett, and said Claire P. Willett shall not have remarried and shall not have agreed to remarry; then, (1) if I shall leave me surviving a wife or child or children, I give, bequeath and devise two-thirds (2/3rds) of my net residuary estate to such of my wife and child or children who shall survive me, in such proportions and amounts as the same would be distributed, had I died intestate, under the laws of the State of New York then in force, and I give, bequeath and devise one-third (1/3rd) of my net residuary estate to said Claire P. Willett, absolutely and forever."

In the second portion of this paragraph, he provided for the contingency that he might leave him " surviving no wife, or child or children." In that event he gave two-thirds of his net residuary estate to Claire P. Willett; one-sixth to Eve Haws, whom he described as his fiancee; and the remaining one-sixth to the children of a named friend, who are represented here by a special guardian.

On July 7, 1938, which was just one week after the execution of his will, the decedent entered into an antenuptial agreement with Eve Haws. It was provided in this agreement that neither party thereto " shall have, or acquire any right, title, or claim in and to the real, or personal estate of the other," and that the estate of each shall descend to or vest in his or her heirs, legatees or devisees as prescribed in the will of either or as provided by the laws of this State " as though no marriage had ever taken place between the said parties." The decedent further agreed that if Eve Haws should survive him as his widow, she should receive from his estate the sum of $7,500 " in full satisfaction, payment and discharge

of any and all rights and claims that she may have in any real property of which he may die seized, as well as in full satisfaction, payment and discharge of any and all other rights and claims that she may have, as his widow, or heir at law, to an allowance, or widow's award, or to any share, or part of, or interest in, his real or personal estate, and whether under any present or future law or laws." On her part, Eve Haws agreed to make no claim to any part or share of his estate for more than the stipulated sum of $7,500 and she expressly waived and relinquished any allowance, widow's award and any other right or interest in the estate of the decedent.

On the following day, July 8, 1938, the decedent and Eve Haws were married. The decedent died on July 7, 1941, survived by Eve Haws Willett and by his former wife, Claire P. Willett. The latter had never remarried and has never made any agreement to marry. The decedent never had any children.

Counsel for Claire P. Willett and the special guardian raise the issue of the legality of the marriage of the decedent and Eve Haws Willett and, as a consequence, her status as surviving wife of the decedent under the terms of the will. Furthermore, they contend that by virtue of the terms of the antenuptial agreement, executed subsequent to the will of the decedent, it was the decedent's will and intention that Eve Haws should under no circumstances take more than $7,500 from his estate, and that Eve Haws therein waived her right to take any larger sum. They argue, moreover, that in the use of the words in his will " if I shall leave me surviving a wife," the testator intended to refer to one other than Eve Haws, and that his will should be given effect as if he had left " surviving no wife."

The surrogate holds that these contentions are without merit and that Eve Haws Willett is entitled to receive two-thirds of the net residuary estate of the decedent in accordance with the manifest intention of the decedent as expressed in the plain language of his will.

The undisputed evidence shows that Eve Haws had previously been married to Daniel Sparks on January 8, 1927, in the State of Oklahoma, and that this marriage had been terminated by a valid decree of divorce on July 1, 1927. The decree became absolute six months from that date. Thereafter, she never contracted a marriage with any person until July 8, 1938, when she married the decedent. His freedom to contract this marriage is unchallenged. The surrogate, therefore, holds that the marriage of the decedent and Eve Haws was valid and legal and that Eve Haws Willett is the surviving widow of the decedent.

The interpretation and effect which is sought to be given to the antenuptial agreement of July 7, 1938, by Claire P. Willett and the special guardian, is entirely unwarranted. By virtue of that agreement the decedent restricted the rights which Eve Haws might otherwise have to take against the terms of his will (Dec. Est. Law, § 18), and he preserved his own right to dispose of his estate by will " as though no marriage had ever taken place." He enlarged his right to dispose of his property by will in any way that his generosity or his conscience dictated, except as to the stipulated sum which Eve Haws was to receive as matter of right.

In no way did the decedent limit his right to bequeath a greater amount to his wife if he chose to do so. The antenuptial agreement reduced his obligations; it did not curtail his privileges. Each party expressly retained the power to have his or her estate vest in his or her " legatees, or devisees, as may be prescribed by his, or her, last will and testament."

The effect of a waiver similar to the one involved here has been very clearly explained by the Court of Appeals and by the United States Supreme Court. (*Matter of McGlone*, 284 N. Y. 527; affd., *sub. nom., Irving Trust Co.* v. *Day*, 314 U. S. 556.) In that case, as in the pending proceeding, an antenuptial agreement was executed. There the intended wife, Helena Day Snyder, alone executed the agreement. She stated therein that she did " voluntarily and irrevocably, renounce all right, title and interest I might, legally or otherwise, have in any estate, real or personal, of which my said husband to be, John J. McGlone, might die seized." In the Court of Appeals, Chief Judge LEHMAN wrote: " The wife did not, of course, waive her right to take any part of the estate of her ' husband to be ' which he chose to bequeath to her." (*Supra*, 533.) Mr. Justice JACKSON writing for the United States Supreme Court, said: " McGlone was free to consent to a cancellation or revocation of Helena's waiver, or to make a valid bequest to her of all or any of his property despite it." (*Supra*, 562.)

What was said in that case is equally applicable here. The fact that there the will was executed after the agreement, while in the pending case it was executed prior to the agreement, is of no consequence. The will speaks from the date of death of the testator. " Any time before his death he could change his will, make a new will." (*Matter of Goldberg*, 275 N. Y. 186, 191.) The decedent executed no further testamentary instrument, and it is the duty of the court to carry out the directions in his last will and testament " not add to, or take from them." (*Matter of Watson*, 262 N. Y. 284, 294.)

The further argument of the respondent Claire P. Willett and of the special guardian that it was the intent of the testator in the use of the words " leave me surviving a wife " to exclude from that description Eve Haws Willett, is devoid of any merit whatever. That argument is based upon the proximity of time in the execution of the will and the antenuptial agreement as well as upon specific mention of her in the will and a contingent bequest to her as his " fianceé."

The language used in the will is clear and unambiguous. The scheme and purpose of the testator are plain. Even if it were the intent and purpose of the antenuptial agreement to alter or revoke the terms of decedent's will, it would be ineffectual because it was not executed with the statutory formalities. (Dec. Est. Law, § 34; *Reynolds* v. *Reynolds*, 224 N. Y. 429.) There was no intent, however, that the agreement was to have any such effect. Moreover, the circumstances surrounding and immediately following the execution of decedent's will serve only to confirm the intent which the plain language of the will expresses.

The surrogate, therefore, holds that the decedent died leaving him surviving a wife, Eve Haws Willett, and that she is entitled to two-thirds of his net residuary estate. Claire P. Willett is entitled to receive one-third of his net residuary estate. Those persons who were to receive a portion of his estate in the contingency that he died leaving surviving him no wife or child, are not entitled to any part of his estate since that contingency did not occur.

The executor has asked instruction as to whether Eve Haws Willett is entitled to the $300 exemption under section 200 of the Surrogate's Court Act. The surrogate holds that she has waived that right in the antenuptial agreement.

Submit decree on notice construing the will and settling the account in accordance with this and the prior decision of the surrogate.