Pierson R. Hildreth, S.
This is an application for a construction of the will of Fred Edey, deceased, as to the proper rates of commission to be paid to a testamentary trustee under the will.
Old Colony Trust Company, of Boston, Massachusetts, was appointed testamentary trustee in 1929 by the Surrogate’s Court of Suffolk County and has since been acting as such. From 1929 until 1954, it computed its compensation as trustee in accordance with New York statutory rates. From 1954 to date, it has computed its compensation in accordance with its own schedule of charges which are admittedly higher than *807 the New York statutory rates. There are no specific statutory rates under Massachusetts law.
Petitioner, a trust beneficiary, brought this proceeding to construe the will, requesting a determination that compensation be based on New York rates and seeking also to require the trustee to repay commissions taken in excess of such statutory rates. The trustee joins in requesting this court to determine which law shall govern its compensation, and claims its compensation should be governed by applicable Massachusetts law.
Decedent died August 22, 1926, a resident of Suffolk County, New York. His will and codicil thereto were executed in New York, and were admitted to probate by the Surrogate’s Court of Suffolk County, September 9, 1926. He named his wife and son-in-law, both of whom were residents of New York, executors of his will and they qualified and acted as such.
By his will he also provided that, if either of them failed to qualify, Old Colony Trust Company should act as such “ (provided always that at the date of my death said Old Colony Trust Company shall be legally qualified to act as such).” The will created four trusts, and as to these, decedent named Old Colony Trust Company trustee, again “ provided always that at the date of my death said Old Colony Trust Company shall be legally qualified to act as such.” The will also provided that if such trustee was not legally qualified to act then the chairman of its board of directors and its president act in its place and, if they should not qualify, he named the Central Union Trust Company of New York in their place.
In 1927 the individual executors rendered their account to the Surrogate’s Court of Suffolk County. The petitioners in that accounting alleged that Old Colony Trust Company had declined to serve as trustee (it was not then qualified to act in New York), and that the alternate individual trustees, Gordon Abbot and Philip Stockton, had consented to act. The account was settled by decree of the Surrogate’s Court of Suffolk County, dated May 2, 1927, and the trust estate assets were paid over to such two trustees. The four trusts are for the benefit of decedent’s daughter, two different cousins, and his wife, respectively.
The individual nonresident trustees filed an account of their proceedings in 1928, again in the Surrogate’s Court of Suffolk County, covering the period to September 30, 1928. Petitioners in that proceeding indicated that the Massachusetts corporate trustee was not qualified to act as trustee in the State of New York at the time of decedent’s death, but that it had since *808 become qualified by obtaining a required certificate of the Superintendent of Banks of the State of New York and by reason of enactment in Massachusetts of certain statutes permitting reciprocity to New York trust institutions. Accordingly, they requested permission to resign and to have the Massachusetts corporate ’ trustee appointed to act in their place. The petitioners also requested a construction of the will dealing with the investment of trust funds. At the same time the Central Union Trust Company of New York filed its renunciation.
A decree in that accounting was made by the Surrogate’s Court of Suffolk County on April 11, 1929. This decree, among other things, provided as follows with respect to the construction of the will concerning authority to invest: ‘ ‘ Ordered, Adjudged and Decreed that the trustee be and it hereby is directed, in making investments and reinvestments of any part of the principal of the trust funds provided for in said testator’s will, to proceed in accordance with the general principles of law of the State of New York governing the conduct of trustees in respect to trust investments which exist at the time of making of any investment or reinvestment, to be applied and followed in the same way as if the testator had expressly stated that the trustee shall not be confined to investments specified by statute for trust funds. ’ ’
In such accounting the individual trustees waived commissions on principal, but requested commissions on income, and the decree provided for compensation on income computed under New York rules. With respect to commissions on principal which had been waived by the individual trustees, the decree provided as follows: ‘ ‘ Ordered, Adjudged and Decreed that the waivers of said trustees in respect to commissions on principal be and the same hereby are received without prejudice to the right, if any, of Old Colony Trust Company, as trustee, to commissions upon principal of the respective trusts created by said will payable at the termination of said trusts respectively, according to the statutory rates then in force. ’ ’
The decree permitted the resignation of the individual trustees and the appointment of Old Colony Trust Company, which filed its consent to act and designated the Clerk of the Surrogate’s Court of Suffolk County to receive service of process in its behalf. Such final decree appears to have been agreeable to all parties having an interest in such trusts and such proceeding.
Upon the return of the original citation in the present proceeding, the Surrogate directed that a supplemental citation *809 be issued to all parties contingently or otherwise interested in the principal and income of all of the trusts. Thus all are before this court and are informed of the proceeding. The trustee does not challenge the power of this court to adjudicate the issues raised.
From the time of its appointment in 1929 until the end of the trust fiscal year ending September, 1953, or for a period of nearly 25 years, the trustee concededly, and as shown by paragraph 5 of the answer, computed its compensation as trustee on the basis of New York statutory rates in effect at the end of each year. For the fiscal year ending September, 1954 and thereafter through September, 1958 it has charged commissions on the basis of its own schedule of rates, there being no statutory rate under Massachusetts law.
Its compensations for commissions on income and principal during the latter period at the New York statutory rates is reported to be $14,052.78, whereas its compensation, based on its own schedule of rates, is reported to be $29,333.79.
The matter has been submitted to the court for determination based on the petition, answer, affidavits and documents, pertinent facts being as above set forth. Although the trustee computed its commissions as trustee herein on the basis of New York statutory rates through 1954 the proof submitted shows that the trustee generally changed, increased and applied its own schedule of rates in 1944, 1946 and 1954. The affidavit of its .vice-president, Howland S. Warren, states that when the trustee began acting as trustee in 1929 ‘ ‘ it believed that its compensation as Trustee of these, and of any trust created by the will of a New York resident which was probated in that State, was governed by the New York commissions law and it collected its annual commissions in accordance with the New York statutory rules.”
It would appear that at some date after 1949 it received advice that it might .legally receive compensation by application of Massachusetts law under which apparently a trustee is entitled to reasonable compensation for its services, there being no statutory rate. It claims to have notified the beneficiaries of its change of policy by attaching a white printed card to a yellow printed card which showed the rates, these in turn being attached to the top sheet of the annual account sent income beneficiaries, including petitioner, in 1954. In usual course, the beneficiaries then would return a copy of the account, signing a printed statement attached thereto which would indicate receipt of the account and requesting it be allowed without further notice. The trustee asserts that peti *810 tioner received this notice, and accordingly is now estopped to question the compensation charged. It appears further that the trustee has filed fiduciary tax returns pursuant to New York tax law because, since the trusts are created by the will of a New York decedent, it is not subject to Massachusetts income tax.
Petitioner alleges she has no recollection of receiving the notice of change of rate up to the time she received the account for the fiscal year ending 1957, following which inquiry was made through her counsel as to the basis for compensation, with the result that the trustee advised that it changed its rates in 1954 as indicated.
The primary question, therefore, is as to whether compensation of the trustee in this particular case, under the situation and circumstances existing in this matter, should be determined by application of New York or Massachusetts law as to rate of compensation,
The facts in this matter, history or proceedings in this case, and acts of the parties indicate to this court that this trust is to be administered under, and compensation of the trustee to be governed by application of the laws of New York. The authorities indicate that the validity and construction of a will is to be determined according to the laws of decedent’s domicile. Where there is a nonresident trustee, the trust can be administered according to the law of the testator’s domicile or according to the law of the residence of the trustee if that is the testator’s intention.
Although the designation of a nonresident trustee may give rise to a presumption that testator intended administration to be governed by law of another State, nevertheless the determination is based upon all factors present in any particular case, (Erdheim v. Mabee, 305 N. Y. 307; Matter of Devoe, 118 N. Y. S. 2d 432.)
The testator in his will clearly expressed himself that he required the corporate trustee to be qualified to act in New York. There is nothing in the past proceedings to indicate that it was ever intended by testator or any of the parties that New York courts relinquish control and supervision. All facts indicate that it was contemplated that the trustee would account, during and upon termination of the trust, to the court by which it was appointed.
Nor is it contrary to New York policy that the trust be administered by law of the domicile, although the trustee and trust assets are physically in another State. (Shannon v. *811 Irving Trust Co., 275 N. Y. 95; Matter of Matthiessen, 195 Misc. 598.)
Neither does it seem that administration or rate of compensation would vary depending upon who the trustee might be from time to time. Nor does the fact that trust assets physically present in Massachusetts might be subject to claims of creditors there, prevent administration of the trust according to New York law. All parties are charged with knowledge of such risk at the time the trustee was appointed. (Erdheim v. Mabee, supra.)
It is often quite difficult to determine a testator’s intent at the time of death. To determine it in 1960 when death was in 1926 is more so. Here there have been two accountings including a construction in this court. The executors and one alternate trustee were New York residents. The nonresident trustees first appointed accounted to this court. All parties were before the court on the prior proceedings. The decree provided that investments be made in accordance with “ the general principles of law of the State of New York.”
With respect to commissions, the nonresident trustees claimed and were allowed commissions on income in accordance with statutory New York rates. The decree further expressly stated with respect to the present trustee, Old Colony Trust Company, that it was made without prejudice to the right of Old Colony Trust Company to commissions on principal “ according to the statutory rates then in force.” Such words could only refer to statutory rates of New York, because there are and were no statutory rates in Massachusetts. The trustee accepted its trusteeship, filed its designation in New York, and entered upon its duties under that decree and has continued to act under such 1929 decree. Concededly, it has followed and applied New York law as to its compensation for all years until 1954.
All parties acquiesced in that situation. Such a course of conduct for such a long period taken with the other factors is entitled to consideration in showing what the parties and the court considered the desire of the testator in 1929. (See Matter of Snell, 173 Misc. 292, and cases therein cited.)
In fact, the trustee with all frankness admits that it believed its compensation was governed by New York law for the 25 years from 1929 to 1954. Thereafter, believing it has the legal right to receive greater compensation, it sought to charge on the basis of its own schedule.
Under the circumstances, the sending of the printed notice mentioned does not estop petitioner or other parties from now *812 raising the issue. Petitioner would not be expected to know that the trustee intended it to have the legal effect of giving sanction to a change by the trustee of the law it was and had been applying to the compensation phase of the trust administration. (Adair v. Brimmer, 74 N. Y. 539, 554.)
The matter of trustees ’ compensation affects the interests of remaindermen as well as income beneficiaries. They all have a real and direct concern in knowing at the very beginning of the period of trust administration what law is to be applied by the trustee and is to govern the administration of their trust. In the opinion of the court the facts here, considered at the time of probate and at the occasion of the two accountings, the naming of a New York alternate trustee, a prior construction proceeding decreeing that principles of New York law apply, a decree referring to commissions at statutory rates, the acts and belief of the trustee for 25 years, all indicate that the testator intended and all parties understood and had agreed that New York courts supervise the administration of this trust, that the administration of the four trusts is to be governed by New York law, and that the trustees ’ compensation be determined according to New York rates.
As to the amount of commissions taken since 1954, it may be that the trustee will voluntarily readjust, recompute and restore any excess commissions to the trust, in accordance with this determination. In any event, objections to same, if necessary, should be considered in a separate accounting or other appropriate proceeding.
Application for costs or allowances will be considered at time of submission of decree. Submit decree on notice accordingly.