Franklin B. Cropsey,
District Attorney and Acting Surrogate. Upon the judicial settlement of the estate of Henry Marshall, deceased, the administratrix with the will annexed seeks a construction of paragraph numbered 44 second” of the decedent’s last will and testament which reads as follows:
4 4 Second : I give, devise and bequeath my house and lot where I now reside and wMeh premises are known as No. 28 Maple Avenue, Lyndonville, New York, and the contents of my said home to my niece, Jennie Hill, of Knowlesville, New York to be her own absolutely and forever.
4 4 In the event my said niece, Jennie Hill, predeceases me, then and in such an event, I hereby declare the devise and bequest made to her in tMs Paragraph designated 4 Second ’ of this my Last Will and Testament, to be null and void and of no effect and such real and personal property hereby devised and bequeathed to her is to become part of my residuary estate and disposed of as hereinafter provided.”
*504 The particular questions the court has been asked to determine are whether or not the testator’s automobile kept in a garage on his premises at No. 28 Maple Avenue, Lyndonville, New York, and $622 in United States currency in his safe in the house on said premises at the time of his death passed to Jennie Hill under the terms of said paragraph numbered “ second” or to the residuary legatees under the residuary clause of the will.
It should be noted that the testator bequeathed to Jennie Hill the contents of his “home ” at No. 28 Maple Street, Lyndon-ville, New York, rather than the contents of his “ house ”, The distinction between those two words has been stated in the following language: “ One’s home is something more than the house in which he lives — it includes surrounding grounds, buildings such as garage, store houses and others used in connection with the occupancy of the property and many other things to the wealth and fancy of the owner. ’ ’ (Matter of Hulse, 190 Misc. 6, 8.) The home of the testator herein included the garage on his premises at 28 Maple Avenue, Lyndonville, New York.
If there were no residuary clause in the will or if the testator would have died intestate with respect to the property if it were held that title thereto did not pass to Jennie Hill, then this court might be justified in giving a broad construction to the word “ contents ”. (Central Union Trust Co. v. Flint, 198 App. Div. 703.) But there is a residuary clause in the will in question and consequently no justification for a broad construction.
The general rule is that a legacy of the contents of a receptacle passes whatever is contained therein at the time of death; but this general rule is subordinate to the master rule that the intention of the testator must always govern. (Matter of Hulse, supra.) This intention can be gathered from the will and the surrounding circumstances. (Fenton v. Fenton, 35 Misc. 479.) There is nothing in this testator’s will to shed light on precisely what personal property he intended to bequeath when he gave his home and contents .to Jennie Hill. Therefore we must look to the surrounding circumstances to determine his intention; and in examining the surrounding circumstances we must presume that by the word ‘ ‘ contents ’ ’ the testator intended to describe personal property normally found in his home and not property which by chance happened to be there.
It has been held that a devise and bequeath to testator’s wife of her choice of three of five certain pieces of real estate ‘ ‘ including the entire contents of whichever of the above enumerated properties she may choose ” passed to the widow *505 ownership of automobiles kept on the premises. (Matter of Kilmer, 65 N. Y. S. 2d 769.) In another case the court wrote as follows: ‘ ‘ There was a barn and outbuildings upon the premises. I rather think the word ‘ contents, ’ as applied to them, would mean, for instance, in a barn the hay, grain, farm animals, tools and utensils there kept, and if the barn was used as a garage in which to keep the automobiles, I rather think such automobiles and live stock should go to Miss Smith. They were normal usual contents ”. (Matter of Foster, 140 Misc. 341, 343.) The testator’s automobile was normally kept in his garage on his premises at No. 28 Maple Street, Lyndonville, New York, and passed to Jennie Hill under paragraph No. “second” of his last will and testament.
In matters similar to the present one courts uniformly have held that gifts in the form of contents of a building, vault, receptacle or the like to not include money, securities, evidence of debt and the like that just happened to be in the same at the time of decedent’s death. (Matter of Whitford, 146 Misc. 82; Matter of Foster, supra; Central Union Trust Co. v. Flint, supra; Matter of Reynolds, 124 N. Y. 388; Ludwig v. Bungart, 33 Misc. 177; Fenton v. Fenton, supra; Matter of Delaney, 133 App. Div. 409, affd. 196 N. Y. 530.) In the matter at hand there is nothing to show that the testator normally kept in his safe sums of money comparable to the sum of money found therein at the time of his decease. This court finds that the United States currency in the testator’s safe at the time of his death did not pass to Jennie Hill under paragraph numbered “second” of the will, but passed under the residuary clause of the will.
Submit decree accordingly.