In the Matter of the Estate of FRANK E. GERNON, Deceased.

Surrogate's Court, Westchester County, March 7, 1962.

*Hirson & Bertini* for petitioners. *Harold E. Prezzano,* as special guardian.

HARRY G. HERMAN, S. A construction of decedent's will is requested, more particularly paragraph SECOND thereof as follows: "I give, devise and bequeath to my wife, HELEN J. GERNON, my real property located on North Street, Harrison, New York, and my real property located at Ponte Verda, Florida, and all of my tangible personal property wherever located, and the sum of Fifteen thousand dollars ($15,000). If my property on North Street, Harrison, New York, shall have been sold before my death the aforesaid bequest of Fifteen thousand dollars ($15,000) should be increased to Seventy thousand dollars ($70,000)."

At the time the will was executed on September 13, 1956, decedent owned two parcels of unimproved property in Ponte Verda, Florida. On November 19, 1956, he entered into an agreement for the purchase of certain improved land, hereinafter referred to as "after acquired property", also in Ponte Verda, Florida. However, decedent died December 2, 1956, before the sale was consummated and title passed. Upon demand of the widow the executrix completed the said transaction. The Internal Revenue Department disallowed the value of the after-acquired property to be included in the marital deduction computation.

The question posed for the court's determination is whether under the provision of the will hereinabove quoted the widow is entitled to receive the after-acquired property.

The court will construe the will in accordance with the laws of this State. (*Matter of Dialogue*, 159 Misc. 18; *Matter of Gallagher*, 10 Misc 2d 422, affd. 7 A D 2d 1029; *Bank of New York* v. *Shillito*, 14 N. Y. S. 2d 458.) The law of the domicile controls the interpretation of the decedent's language. (*Matter of Eddy*, 24 Misc 2d 806, affd. 12 A D 2d 820; *Matter of West*, 157 N. Y. S. 2d 768; *Matter of Pratt*, 1 Misc 2d 428.)

The court is impressed with the arguments advanced by the petitioners urging the court to answer the question for construction in the affirmative. The reference to the possibility that his Harrison property may be sold prior to his death and a provision for a substitutionary gift in that event, indicates to the court that the testator was thinking of changing his homestead. This conclusion gains support from the following statement found in a later portion of his will: "I am soon to become a legal resident of the State of Florida". It would appear that he intended to change his homestead when he entered into a contract for the purchase of the said improved property shortly before his death. Generally the will speaks as of the date of death. (*Matter of Willett*, 178 Misc. 1000.) In the absence of a contrary intent the will must be interpreted as applying to all property owned by him at the date of his death. (*Matter of Charles*, 3 A D 2d 119.) The court determines that the testator intended to pass all his real property located in Ponte Verda, Florida, to his widow.

Having so determined the intention of the testator, an inquiry into the nature of decedent's interest in said after-acquired property must be made to ascertain whether the interest was such as to fall within the language "my real property located in Ponte Verda, Florida".

While an argument has been advanced stating that the law of the situs of the land determines whether the agreement to purchase realty has led to an equitable conversion, which in this case would be Florida, it is academic for the result is the same irrespective of whether reference is made to Florida or New York Law. Even though title to the after-acquired property had not passed prior to decedent's death, he had an equitable title in said land which is equivalent to an interest in real property (*Matter of Charles,* 3 A D 2d 119, *supra*) and can be devised (Decedent Estate Law, § 11). (See, also, *Tingle* v. *Hornsby,* 111 So. 2d 274 [Fla.]; *Hull* v. *Maryland Cas. Co.,* 79 So. 2d 517 [Fla.]; *Trotter* v. *Van Pelt,* 144 Fla. 517; *Christopher* v. *Mungen,* 61 Fla. 513; cases cited in *Matter of Charles, supra*; and Decedent Estate Law, § 14.) Based on the testator's intent as found herein and the applicability of the doctrine of equitable conversion, the court holds that the after-acquired property passed to the widow in accordance with the language of Paragraph SECOND of the will.