Joseph A. Cox, S.
The problem of construction to be resolved in this proceeding is created by the language of paragraph sixteenth of the testator’s will which reads as follows:
‘‘ sixteenths : I further give and bequeath unto mt. sinai hospital, of New York City, the following:
“ (A) The sum of eive thousand dollars ($5,000.00) for the purpose of carrying on research work in the field of cancer.
“(B) The proceeds obtained by my executors from the sale of the contents of my safe deposit box at the First National City Bank, Broadway and 58th Street, New York City, the jewelry formerly worn and belonging to my deceased wife Esther, the oil paintings by Renoir, ‘ Pivoines-Peonies ’, which is at present in the Hammer Galleries, 57th Street and Madison Avenue, New York City, and which according to my agreement with the Galleries is to be sold for not less than $6,500.00, the large oil painting by Forain ‘A L’Opera’, the oil painting by Grigoriew ‘ Lima ’, my Steinway baby grand piano, and my three (3) violins; the Bertolotti; (Gaspar de Sale), the Guadagnini, and the Tyrolean; and I do hereby direct my executors to sell the items hereinabove set forth as aforesaid as soon as practicable in accordance herewith.
“(C) All moneys that my executors receive or collect from Broude Bros., 56 West 45th Street, New York City, there being a balance of $750.00 due me in connection with the sale of several manuscripts.” ,
*691 At the time of the testator’s death there were discovered in his safe-deposit box, in addition to jewelry which had belonged to his deceased wife, bonds and savings bankbooks which constituted almost the testator’s entire estate. As a result if there were to be a literal compliance with the language of paragraph sixteenth none of the general bequests made by the testator could be paid. The testimony submitted by stipulation and a reading of the entire will show that this was not the testator’s' intent. Mt. Sinai Hospital was to receive total bequests of $20,000 plus the proceeds of the sale of his deceased wife’s jewelry and the proceeds of the sale of certain specified oil paintings, a baby grand piano, the three violins and manuscripts. The testimony submitted by stipulation further reveals that at the time the will was drawn there was nothing in the safe-deposit box other than the jewelry which had belonged to his deceased wife. The applicable rule of law was well stated by Surrogate Delehanty in Matter of Rothschild (161 Misc. 888, 889) where the Surrogate said: 11 It is plain, of course, from the tenor of the will that the testatrix did not intend that the beneficiary under the sixth paragraph should receive all of her property. While the general rule is that a legacy of the contents of a receptacle passes whatever is contained therein at the time of the death (Matter of Thompson, 217 N. Y. 111; Davids Wills, §§ 761, 762), this general rule is subordinate to the master rule that the intention of a testator must always govern.” (See, also, Central Union Trust Co. v. Flint, 198 App. Div. 703; Fenton v. Fenton, 35 Misc. 479.)
The memorandum sent by testator to his attorney in connection with the preparation of his will reveals that the testator was a man of culture and artistic attainment who had thought long and carefully about the disposition of his estate assets. His intent was to benefit many persons and other charities in addition to Mt. Sinai Hospital and such intent should not be frustrated or denied because of faulty will draftsmanship or the application of canons of construction. (Matter of Fabbri, 2 N Y 2d 236; Matter of Larkin, 9 N Y 2d 88.)
The testator’s bequest of the proceeds of sale of the contents of the safe-deposit box is a clear reference to nonliquid assets and certainly would be without application to savings bank deposits and would be a most unusual direction if a gift of bonds had been intended.
The court finds that the bonds and bankbooks found in the decedent’s safe-deposit box were not bequeathed to Mt. Sinai Hospital and the bequest of the contents of the safe-deposit box held applicable only in respect of the jewelry found therein.