Memorandum. The order should be affirmed.
*1032 In providing a general bequest for the wife, the will did so in terms of a fraction of the "estate remaining after the deduction of debts, funeral and administrative expenses”. It in no other way qualified the definition of "estate” so as to create a different base for the computation of the amount of that bequest.
In the absence of the expression of a contrary intention (cf. Wetmore v Parker, 52 NY 450, 463; Matter of Ginsburg, 27 Misc 2d 586, 588), a will speaks from the time of death (Beetson v Stoops, 186 NY 456, 460; Matter of Gernon, 35 Misc 2d 12, 13). In this case, the decedent, upon his death, ceased to have any interest which he could pass by will in the two parcels of realty which he and his wife had come to hold as tenants by the entirety (5A Warren’s Weed New York Real Property, Tenancy by Entirety, § 1.05). Consequently, the two parcels were not part of his "estate” (see Sulz v Mutual Reserve Fund Life Assn., 145 NY 563, 574; Matter of Basile, 63 Misc 2d 845, 846) and may not be used in determining the amount of the widow’s general bequest.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs to respondents payable out of the estate, in a memorandum.